(Opinion published 57 N. W. Rep. 62.)

---

MINNEAPOLIS MILL Co. *et al. vs.* MINNEAPOLIS & ST. LOUIS RY. Co. *et al.*

Submitted on briefs Nov. 1, 1893. Affirmed Nov. 29, 1893.

No. 8341.

**Findings sustained by the evidence.**

  The evidence in this case *held* to sustain the findings of fact of the court below, and the order denying the motion for a new trial is affirmed.

Appeal by the defendants, the Minneapolis & St. Louis Railway Company, W. H. Truesdale receiver of its property, and the Rail-

road Transfer Company of Minneapolis, from an order of the District Court of Hennepin County, *William Lochren*, J., made January 31, 1893, denying their motion for a new trial.

The plaintiff, the Minneapolis Mill Company, is a corporation created by an act of the Legislature of Minnesota Territory, Laws 1856, ch. 145, and owned the water power and mill sites on the western bank of the Mississippi at the Falls of St. Anthony. The plaintiff, the Minneapolis Western Railway Company, is a corporation organized in 1884 under 1878 G. S. ch. 34, Title 1. On March 25, 1873, the Mill Company sold and conveyed a mill site to W. D. Washburn for Palisade Mills, and the right in common with the Mill Company, its successors, grantees, and lessees, to build and use a railway track from South Street over its land to and in front of the millsite property sold him and 150 feet beyond. That year such railway track was built and has ever since been maintained and used by the Minneapolis and St. Louis Railway Company by arrangement with and under the request of Washburn. The Mill Company on January 28, 1892, granted to the Minneapolis Western Railway Company the right to use and operate cars upon this railway track in common with Washburn and his grantees. It and the Mill Company notified the defendants of this grant and of their desire to operate cars thereon in common with the defendants and offered to pay them one half the cost of the track and such charges and expenses in the matter as would be just, but the defendants refused to allow the Minneapolis Western Railway Company or the Mill Company to use the railway track in any manner whatever, and prevented them from using or enjoying it. The Mill Company and the Western Railway Company brought this action to obtain a decree enjoining the defendants from interfering with and preventing them from using this railway track in common with Washburn's grantees and to determine the rights of the parties.

The Minneapolis and St. Louis Railway Company, W. H. Truesdale as receiver, and the Minneapolis Transfer Railway Company answered that the Minneapolis and St. Louis Railway Company alone built this railway in 1873 from South Street to Palisade Mills. and 150 feet beyond and has ever since used and operated it and is the exclusive owner thereof and of the ground on which it is located. They denied that it so built the track under said license or grant.

from the Mill Company to Washburn. They alleged that it built the railway at the request of the Mill Company to enhance the value of its property and that the Mill Company gave it the easement and right of way it had ever since enjoyed. The issues were tried November 21, and findings were filed November 23, 1892, six days after the decision in *Minneapolis Mill Co.* v. *Minneapolis & St. Louis Ry. Co.*, 51 Minn. 304. As conclusions of law the trial Court found that plaintiffs were entitled to the relief they demanded and ordered judgment accordingly. Defendants moved for a new trial, but were denied, and they appealed. The discussion in this Court was upon the evidence, whether it supported the findings.

*A. E. Clark* and *W. F. Booth*, for appellants.

*W. B. Koon* and *W. E. Dodge*, for respondents.

BUCK, J. We have not been able to discover any substantial merit in this appeal.

The undisputed facts are that the track in controversy is on the mill company's land; that it occupies the exact location described in a deed from the mill company to Washburn, by which the former granted to Washburn, his heirs and assigns, the right, in common with the mill company, its successors, grantees, lessees, or assigns, to locate, build, and use a railway track; that this is the only authority the mill company ever gave to build a track over these lands, and that this is the only track built thereon; that subsequent to the execution of this deed the defendant railway company, and a copartnership company, of which Washburn was a member, or, as defendant claims, the defendant railway company alone, (it is immaterial which,) built the track under authority from, or some arrangement with, Washburn.

It is not material what were the terms of the arrangement between Washburn and the defendant lessee; for, the defendant railway's only right to build it having been derived from Washburn, it could acquire no other or greater right than he had, and its right is subject to all the limitations and conditions to which his right was subject, according to the terms of the deed from the mill company.

Neither is it important that the mill company may not have contributed its share of the expense of building the track. That

might be a ground for requiring that, as a condition to the exercise of the right of common use of the track, it should thus contribute, but no such relief is asked for.    Neither does the fact that for years the defendant railway company has been permitted to have the exclusive use of the track affect the legal right of the mill company, or its grantee, to assert its rights.    There is no foundation in the evidence for any claim that the defendant railway company has acquired title to the track by adverse possession, for its possession does not appear to have been adverse to the mill company.    It also appears that the Western Railway Company is the grantee of the mill company.    Not only does the evidence justify the findings of the trial court, but it was such that no other findings would have been sustained.

The order denying the motion for a new trial is affirmed.

(Opinion published 57 N. W. Rep. 64.)