## JACOB v. CARTER.

### No. 18,214; March 26, 1894.

#### 36 Pac. 381.

**Ejectment—Defenses—Pleading and Proof.**—Where, in ejectment, the complaint merely alleges plaintiff's ownership and right to possession, and that defendant is in possession, and refuses to surrender the same, and the answer denies the ownership and right to possession, defendant may prove any facts showing that plaintiff had no right of entry or possession when the action was commenced.

**Ejectment—Defense of Possession Under Contract of Purchase.** Where, in ejectment, the defense is possession under contract of purchase, indebtedness of plaintiff to defendant for salary and money paid in excess of the payments required may be considered as a performance of the contract, under Code of Civil Procedure, section 440, which provides that, where cross-demands have existed between persons under such circumstances that, if one sued the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other.

**A New Trial may be Granted as to the Issues** raised by a cross-complaint without granting one as to those raised by the complaint and answer.[1]

APPEAL from Superior Court, Tulare County; Wheaton A. Kent, Judge.

[1] Cited with approval in Spawn v. South Dakota Cent. Ry. Co., 26 S. D. 3, Ann. Cas. 1912D, 980, 127 N. W. 649, along with other cases the court summing them all up in this language: "It seems to be generally held that, where there are distinct counts and causes of action and cross-complaints and counterclaims, all tried in the same case, a new trial may be granted as to part only and denied as to others."

Action by Elias Jacob against D. F. Carter. From a judgment for defendant, plaintiff appeals. Affirmed.

Bradley & Farnsworth for appellants; Daggett & Adams for respondent.

VANCLIEF, C.—Action of ejectment to recover a tract of land in Tulare county. The complaint alleges, generally, the plaintiff's ownership and right of possession, and that defendant was in possession, and refused to surrender possession to plaintiff on demand therefor. The answer denies plaintiff's title and his right to possession, and avers defendant's right of possession. The defendant also filed a cross-complaint, in which he alleged that on October 18, 1888, the plaintiff and defendant entered into a written agreement, whereby plaintiff agreed to sell, and the defendant to purchase, the land in controversy, at the price of $2,500, upon which $250 was paid and credited at the date of the contract, and whereby it was agreed that the balance of the principal should be payable on or before October 18, 1893, with interest at eight per cent per annum, payable annually in advance on or before October 18th of each year, and, if not punctually so paid, then the said party of the first part "shall have the right to enter upon and take possession of said premises, with all the improvements thereon"; that from the date of said agreement until May 4, 1890, the defendant was in the employ of plaintiff as general agent at a salary of $50 per month, and during that period paid and expended money for the plaintiff, and boarded his employees, for which plaintiff agreed to compensate him, over and above said salary; and that it was understood and agreed, at the date of said written agreement, that plaintiff should credit said salary and all other indebtedness of plaintiff to defendant for money paid and for board of employees which might accrue, as payments on the purchase price of said land; and that on May 4, 1890, plaintiff and defendant had a settlement, upon which it was found and agreed that the land had been fully paid for, and that plaintiff would make defendant a deed therefor, as soon as he received a deed for the same from the Southern Pacific Railroad Company, which, it is averred, he has received since the date of said settlement. Upon these facts the defendant, by his cross-

complaint, seeks to enforce a conveyance of the land from
plaintiff to himself. Plaintiff, in answer to the cross-com-
plaint, denied all the averments thereof, except that he had
received a deed from the railroad company since the date of
the alleged settlement. By agreement of the parties all the
issues raised by the complaint and answer thereto and by the
cross-complaint and answer thereto were tried together by the
court and a jury, it being agreed that the jury should render
a general verdict upon the issues raised by the complaint and
answer thereto, and a special verdict upon such of the issues
raised by the cross-complaint and answer thereto as might
be submitted by the court. The verdict of the jury, both on
the general issue and on the special issues submitted, was in
favor of the defendant. The court adopted the verdict on
the special issues, and made some additional findings upon
issues in the cross-suit, and rendered judgment in favor of
defendant upon the whole case, including a decree that plain-
tiff convey the land in question to defendant. The plaintiff
moved for a new trial, which was denied as to the issues aris-
ing on plaintiff's complaint and the answer thereto, but
granted upon the issues in the cross-suit. The plaintiff
appeals from the judgment, and from an order denying his
motion for new trial upon the issues raised by his complaint
and the answer thereto.

1. There can be no doubt as to the power of the court to
refuse to disturb the general verdict upon the issues raised by
the complaint and answer thereto, and, at the same time,
to grant a new trial as to the equity part of the case: Duff
v. Duff, 101 Cal. 1, 35 Pac. 437, and cases cited. The cross-suit
is distinct from the action of ejectment, and might have been
separately tried; but, since the plaintiff expressly stipulated
that the two actions should be tried together, as they were,
he would not be heard to object, and cannot be allowed any
advantage on this ground; nor have his counsel made any such
point.

2. The order denying a new trial in the ejectment suit is
not, as contended by appellant, inconsistent with the order
granting a new trial in the cross-suit. The complaint is ex-
tremely general, alleging merely plaintiff's ownership and
right of possession, and that defendant wrongfully withholds
the possession; and the answer of the defendant is quite as

general. It denies plaintiff's ownership, and his alleged right of possession, and affirmatively avers "that on the eighteenth day of October, 1888, he was, and that he ever since has been, and that he still is, entitled to the possession of all the real property described in said complaint." Under this answer defendant was entitled to prove any facts showing that plaintiff had no right of entry or possession at the time the action was commenced (Semple v. Cook, 50 Cal. 29; Roberts v. Columbet, 63 Cal. 22); and, even if this were not so, I think those facts alleged in the cross-complaint which constitute a defense to the action at law, if proved, might have been properly considered as such defense, whether sufficient to entitle defendant to equitable relief or not; namely, the alleged facts that defendant was in possession by plaintiff's consent, under a contract to purchase which defendant had fully performed on his part, up to the time of the commencement of the action of ejectment: Meeker v. Dalton, 75 Cal. 154, 16 Pac. 764. The evidence, though conflicting, is amply sufficient to justify a finding by the jury that the indebtedness of plaintiff to defendant for money paid and for salary accrued prior to the commencement of the action more than equaled the interest on the purchase money and the taxes on the land up to that time; and if not, technical payment of such interest and taxes was more than compensation therefor, by the effect of section 440 of the Code of Civil Procedure, which provides: "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other, and neither can be deprived of the benefit thereof by assignment or death of the other." The only default on the part of defendant claimed by counsel for appellant is the failure to pay $360 interest on the purchase money which had become due before the commencement of the action, for they admit that, by the true construction of the contract, the principal was not to be paid until October 18, 1893. but insist that the interest was to be paid on or before October 18th of each year, and, if not so paid, the plaintiff was entitled to the possession. Therefore, the evidence being sufficient to justify the jury in finding that the $360 interest had been paid or compensated before the commencement of the action, a new

trial of the action of ejectment was properly denied. At the same time the evidence may not have been sufficient to justify a finding that the principal of the purchase money had been fully paid, or a finding of the settlement alleged to have been made on May 4, 1890; and, if such was the case, a new trial of the cross-suit was properly granted. But whether properly or not is immaterial, as there is no appeal from the order granting a new trial. It is considered only so far as necessary to show that it is not inconsistent with the order denying a new trial of action of ejectment. I think the judgment and order should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.