MINNEAPOLIS WESTERN RY. Co. *vs.* MINNEAPOLIS & ST. LOUIS RY. Co. *et al.*

Submitted on briefs June 18, 1894. Affirmed July 10, 1894.

No. 8735.

**A finding of fact construed.**

A finding that the defendant, "by permission and with the consent" of the owner of the premises, entered and constructed its railway tracks thereon, construed as meaning that it entered under a license, and not under a grant.

**Entry on land and improvement under license creates no easement.**
Where a railway company enters and constructs railway tracks on land
under a mere license from the owner, it acquires no easement in the land.
The landowner may revoke the license, and bring ejectment, which the
railway company may, under the statute, convert into condemnation pro-
ceedings.

Appeal by defendants, the Minneapolis and St. Louis Railway Com-
pany, William H. Truesdale receiver, and the Railway Transfer
Company, from a judgment of the District Court of Hennepin Coun-
ty, *Seagrave Smith,* J., entered January 20, 1894, for the recovery
of possession of a strip of land thirty three feet wide in lots 33 and
87 in Auditors Subdivision No. 39 and in lots 7, 8, 9 and 10, in block
102 in Minneapolis.

The Minneapolis Mill Company in 1872 owned the land in dis-
pute, and on June 13, 1891, conveyed it to the plaintiff, the Minne-
apolis Western Railway Company, and it brought this action Janu-
ary 23, 1892, against the defendants above named to recover posses-
sion. The defendants claim that in the years 1875 and 1876 the
Minneapolis and St. Louis Railway Company entered by permis-
sion upon the land and constructed spur tracks thereon to reach
the adjacent flouring mills and has ever since maintained and used
such railway tracks and has thereby acquired an easement therein
for that purpose. The trial court found the facts as claimed, but
denied the resulting easement and gave judgment for the plaintiff.
Defendants appeal.

*Albert E. Clarke* and *Wilber F. Booth,* for appellants.

The purchaser of land upon which a railroad has been previously
constructed and which is at the time of the purchase in open, visi-
ble and notorious railroad use, cannot maintain ejectment against
the railroad company, the conveyance to the plaintiff being by
naked quitclaim deed. His purchase and conveyance will be pre-
sumed to have been made and to be subject to the easement of the
railroad, and the price paid will be presumed to be the value of the
land subject to the easement, and not its value free from the in-
cumbrance of the railroad. *Tompkins* v. *Augusta & K. R. Co.,* 37 S.
C. 382; *Wabash, St. L. & P. Ry. Co.* v. *McDougall,* 126 Ill. 111.

Where there is a sale of a tract of land upon which there is an

obvious existing easement or burden of any kind, like an ordinary
highway, a railroad or millpond, the fair presumption, in the ab-
sence of any express provision in the contract upon the subject,
is, that both parties act with direct reference to the apparent exist-
ing burden, and that the vendor demands and the purchaser pays
only the value of the land subject to it.    This presumption is in-
dependent of the question whether the party enjoying the easement
has perfected his title as against the vendor or not.    Nothing being
said upon the subject, they deal with the property in its existing
condition, and upon the assumption that it is subject to all the
burdens to which it appears to be subject.    *Kutz* v. *McCune,* 22 Wis.
628; *Smith* v. *Hughes,* 50 Wis. 620; *Scribner* v. *Holmes,* 16 Ind. 142;
*Patterson* v. *Arthurs,* 9 Watts 152; *Whitbeck* v. *Cook,* 15 Johns. 483;
*Harwood* v. *Jones,* 32 Vt. 724.

*M. D. Grover* and *Koon, Whelan & Bennett,* for respondent.

The Minneapolis Mill Company owned the land in question and
allowed defendant to enter upon it in 1876 and operate a spur
track connecting its mills with defendant's railroad.    It was at
liberty to, and did, revoke its license in 1891, by conveying the legal
title to the plaintiff.    *Wilson* v. *St. Paul M. & M. Ry. Co.,* 41 Minn.
56; *Johnson* v. *Skillman,* 29 Minn. 95; *Watson* v. *Chicago M. & St.
P. Ry. Co.,* 46 Minn. 321; *Minneapolis Mill Co.* v. *Minneapolis & St.
L. Ry. Co.,* 51 Minn. 304.

MITCHELL, J.    This is one of a series of cases between the plain-
tiff, or its grantor, the Minneapolis Mill Company, and the Minne-
apolis & St. Louis Railway Company, involving the title to several
tracts of land in Minneapolis, upon which the railway company, at
various dates between 1875 and 1880, constructed and subsequently
maintained certain spur tracks, under authority from the Mill Com-
pany, then the owner of the land.    *Minneapolis Mill Co.* v. *Minneap-
olis, etc., Ry. Co.,* 46 Minn. 330, (48 N. W. 1132;) Id., 51 Minn.
304, (53 N. W. 639;) Id. 55 Minn. 371; (57 N. W. 64;) *C. C. Wash-
burn Flouring-Mills Co.* v. *Minneapolis, etc., Ry. Co.,* 56 Minn. 200;
(57 N. W. R. 309.)

The answer set up the same defenses as the answer in the case decided in 51 Minn. 304, (53 N. W. 639,) and, in addition thereto, pleaded in bar the judgment of the District Court in that action (since reversed) in its favor; alleging that the rights of the defendants to the land in controversy in that suit, and to the land in controversy in this suit, "were identical, and based on the same rights, facts, and circumstances."

The facts—and all the facts—stipulated and found were

(1) That the defendant railway company, by permission and with the consent of the mill company, entered upon said premises, and constructed its railway tracks thereon, in the years 1875 and 1876, and has ever since that time operated and maintained its tracks thereon:

(2) That the defendant has never at any time had legal title to the premises;

(3) That in 1891 the mill company executed to the plaintiff quit-claim deeds of the premises;

(4) That plaintiff made demand of the defendant for the possession of the premises, which demand was refused.

It seems clear to us that the only construction that these findings will admit of is that the defendant entered under a mere parol license. An easement always implies an interest in the land upon which it is imposed, and therefore lies only in grant, while a license carries no such estate, and may be created by parol, and is generally revocable at the will of the licensor. The law is jealous of a claim to an easement, and the party asserting such a claim must prove his right to it clearly. It cannot be established by intendment or presumption. The mill company was confessedly the original owner of the premises, and, it being admitted and found that the defendant has never at any time had the legal title, the finding that the defendant entered by permission and with the consent of the owner cannot be extended, by intendment or presumption, so as to amount to a finding of a grant. Indeed, the admissions, express or implied, of the answer, clearly negative the idea that the defendant entered under a grant.

The finding, therefore, is of a naked license, carrying no estate in the land, and revocable at the will of the licensor. *Johnson* v. *Skillman*, 29 Minn. 95, (12 N. W. 149;) *Wilson* v. *St. Paul M. & M. Ry.*

*Co.*, 41 Minn. 56, (42 N. W. 600;) *Minneapolis Mill Co.* v. *Minneapolis, etc., Ry. Co.*, 51 Minn. 304, (53 N. W. 639.)

This would seem to be entirely decisive of the case, but defendant claims that, because plaintiff purchased after these tracks had been constructed, therefore it took the premises subject to the incumbrance of an easement in defendant to permanently maintain the tracks. The mere statement of the proposition carries with it its own refutation; for, plainly stated, it is that a conveyance of the premises by the licensor to a third party converts a mere license (which creates no estate in the land) into an easement, which is an interest in the land, and lies only in grant. We do not see why, on this line of reasoning, the same result would not have followed had defendant been a mere intruder or trespasser, for counsel's argument is that the purchaser must be deemed to have taken the land subject to the visible incumbrance then on it.

So far from such being the case, the law is that a revocable license is revoked by a conveyance of the land by the licensor. *Johnson* v. *Skillman, supra; Wilson* v. *St. Paul M. & M. Ry. Co., supra.*

Counsel's argument is all based on a false premise, which begs the whole question. He assumes that when a railway company enters and builds its track on land under a license from the owner, it acquires a permanent easement in the land by virtue of the license thus acted on, and that thereafter the only right of the landowner is his claim for compensation for the taking of the land for railway purposes. In some states,—notably, Wisconsin and Illinois,—either by statute or by judicial decision, founded on supposed considerations of public policy, this is substantially the law; all actions by the landowner, whatever their form, being in effect actions to recover compensation for the permanent appropriation of land already taken. If such were the law in this state, there would be at least some plausibility to defendant's contention. But we have repeatedly held that the law is otherwise. *Watson* v. *Chicago M. & St. P. Ry. Co.*, 46 Minn. 321, (48 N. W. 1129;) *Lamm* v. *Chicago St. P. M. & O. Ry. Co.*, 45 Minn. 71, (47 N. W. 455;) *Minneapolis Mill Co.* v. *Minneapolis, etc., Ry. Co.*, 51 Minn. 304, (53 N. W. 639.) Under our statute the landowner may revoke his license, and bring ejectment, which the railway company may, if it so elects, turn in-

to a condemnation proceeding; and it is only then, and through that proceeding, that the railroad company acquires any easement in the land, or the landowner any right to compensation for taking it for railway purposes.

The defendant could not acquire title by prescription, because its possession was not adverse.

Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 983.)