# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

### SPAWN v. SOUTH DAKOTA CENT. RY. CO.

Where there are distinct counts and causes of action and cross-complaints and counterclaims, all tried in the same case, a new trial may be granted as to part only, and denied as to others.

A railway right of way across the land of another may be held as an easement or under absolute title to the land, either of which constitutes an interest in land, under the statute of frauds. Civ. Code, §§ 488, 921, 922, 938, 1238.

(Opinion filed, June 18, 1910.)

Appeal from Circuit Court, Lake County. Hon. Joseph W. Jones, Judge.

Action by Lewis Spawn against the South Dakota Central Railway Company. Judgment for defendant, and plaintiff moved for a new trial, which was granted in part and denied in part, and both parties appeal. Affirmed on both appeals.

*Krause & Krause,* for plaintiff. *Joe Kirby,* for defendant.

McCOY, J. In this case plaintiff brought suit to recover damages from defendant on account of defendant entering upon his land in section 10, Chester township, Lake county, S. D., and constructing a line of railway across the same. The defendant answered, admitting that it had constructed its line of railway across plaintiff's land, and further answered by two counterclaims. In the first counterclaim defendant alleged that plaintiff, as an inducement to have defendant construct its said line of road on the east side of Brant Lake, consented and agreed to the construction of said railway across his land without compensation, and that defendant, relying upon said consent and agreement, constructed its said railway across plaintiff's land, and that, by reason of such

agreement and consent, plaintiff should not be permitted to re-
cover in this action. In the second counterclaim defendant alleged
that plaintiff executed and delivered to defendant his certain
promissory note for $250 and interest in consideration of and as a
bonus to defendant for constructing its line of road through plain-
tiff's neighborhood on the east side of Brant Lake. Plaintiff re-
plied and denied the allegations of the first counterclaim, and,
while admitting the making of said note, alleged that the same
was without other consideration than that the defendant would
locate a station and depot in Chester township. On the trial de-
fendant was permitted to introduce in evidence, over proper objec-
tions on the part of plaintiff, that at a meeting of farmers of the
said neighborhood, prior to beginning to construct said road, plain-
tiff was present and took part, and orally stated that, if the railway
was located on the east side of the lake, he would give the right
of way across his land to defendant without compensation, and
that plaintiff also gave the bonus note in consideration of the
location of said road and depot on the east side of said lake. Plain-
tiff denied in his testimony that he gave such consent to cross his
lands by such railway line, but claims that at the time such meet-
ing was held a survey of said road had not yet been made across
his land, and that it was then understood that said road would not
cross his land. Plaintiff also testified that the $250 note was
executed only on condition that defendant would locate a station
on section 14, adjacent to plaintiff's land. Plaintiff also testified
that, prior to defendant's entry on his land, he notified defendant
not to enter thereon until the damages were paid under proper
condemnation proceedings. The court instructed the jury upon
the issues arising on the complaint and defendant's first counter-
claim, and also instructed the jury to return a verdict in favor
of defendant on the second counterclaim for the amount due on
said note as principle and interest. The jury returned the follow-
ing verdict: "We, the jury in this action, find all the issues therein
in favor of the defendant and against the plaintiff, and assess the
defendant's damages on the second counterclaim at $335.00, being
the sum due on said note." Judgment was thereafter entered on
said verdict in favor of defendant. Plaintiff thereafter moved for

a new trial upon all the issues, claiming, first, that the court had erred in permitting oral testimony in relation to the alleged agreement claimed to have been made by plaintiff whereby plaintiff had agreed and consented orally to permit defendant to construct its railway across his land without compensation; and, also, that the evidence was insufficient to justify a verdict in favor of defendant on the note of $250. The trial court granted the plaintiff's motion for a new trial upon the issues raised by the complaint and defendant's first, counterclaim, and denied plaintiff's motion for new trial on the issues raised under the second counterclaim based on the bonus note. Both parties, plaintiff and defendant, have appealed to this court; the plaintiff contending that a new trial should also have been granted on the issues raised by defendant's second counterclaim on the ground of insufficiency of the evidence to sustain the verdict of the jury, and the defendant contends that the court erred in granting to plaintiff a new trial on the issues raised by the complaint and defendant's first counterclaim.

We are of the opinion that the learned trial court was right in granting the new trial on the issues raised under the first counterclaim and in denying the motion for new trial on the issues under the second counterclaim. It seems to be generally held that, where there are distinct counts and causes of action and cross-complaints and counterclaims all tried in the same case, a new trial may be granted as to part only, and denied as to others. Such causes of action and counterclaims must be distinct and independent of each other, otherwise a new trial should not be granted as to part only. Under the evidence in this case the second counterclaim, a cross-cause of action on the note exists without reference to and independent of the action for damages for entry on plaintiff's land and constructing thereon said line of railway. 29 Cyc. 733; Jacob v. Carter, 36 Pac. 381; Duff v. Duff, 101 Cal. 1, 35 Pac. 437; Upland Land Co. v. Ginn, 144 Ind. 434, 43 N. E. 443. A railway right of way across the land of another may be held as an easement or under absolute title to the land either of which constitutes an interest in land, under the statute of frauds (Civ. Code, § 1238), and which must be evidenced by a grant in writing

(Civ. Code, §§ 488, 921, 922, 938). Where a corporation is authorized by the Legislature to acquire land, with the consent of the owner, it may be provided that such consent need not be evidenced in writing, or a writing may be required, as the Legislature may see fit. 20 Cyc. 211. We are advised of no legislative act in this state providing that such writing may be dispensed with, but are of the opinion that the general law of the state relating to transfer of an interest in land is applicable, and must govern. That the transfer from an individual to a railway company of the right of way or easement across land must be evidenced by a writing seems to be fully sustained by the following authorities: Wood v. Railway Co., 90 Mich. 334, 51 N. W. 263; Nowlin Lumber Co. v. Wilson, 119 Mich, 406, 78 N. W. 338; Railway Co. v. Marble, 112 Mich. 4, 70 N. W. 319; Thomke v. Fiedler, 91 Wis. 386, 64 N. W. 1030; Mpls. & W. Ry. Co. v. M. & St. L. Ry. Co., 58 Minn. 128, 59 N. W. 983, 51 Minn. 304, 53 N. W. 639; Kremer v. C., M. & St. P. Ry. Co., 51 Minn. 15, 52 N. W. 977; Watson v. C., M. & St. P. Ry. Co., 46 Minn. 321, 48 N. W. 1129; Wilson v. St. P., M. & M. Ry. Co., 41 Minn. 56, 42 N. W. 600, 4 L. R. A. 378; White v. Manhattan Ry. Co., 139 N. Y. 19, 34 N. E. 887; Crosdale v. Lanigan, 129 N. Y. 604, 29 N. E. 824; St. L. Stockyards v. Wiggins Ferry Co., 112 Ill. 384, 54 Am. Rep. 243, 247; Woodward v. Seely, 11 Ill. 157, 50 Am. Dec. 446; Lawrence v. Springer, 49 N. J. Eq. 289, 24 Atl. 933. Title to land must rest upon something more tangible—something more substantial than mere oral agreements and understandings. An easement in another's land cannot be created by parol, and an executed license for such purposes is revocable at any time. Thomke v. Fiedler, supra, and Nowlin Lumber Co. v. Wilson, supra.

There was no defense alleged or proved to defendant's second counterclaim, and the jury were properly instructed to return a verdict in favor of defendant on account of said note.

The order of the circuit court in granting plaintiff a new trial on the issues arising on the complaint and first counterclaim is affirmed, and the order denying plaintiff a new trial on the second counterclaim is also affirmed.

WHITING, P. J.   While I agree that the trial court should be affirmed, I would base my decision on an entirely different proposition than any discussed in the opinion herein.   The legal propositions stated in such opinion are clearly correct, but it seems to me that they are inapplicable to the facts herein.

While it is true that an interest in real estate cannot, under the statute of frauds, be conveyed except by instrument in writing, yet this rule has no application where there has been an oral agreement that had become consummated.   Such was the claim of defendant, it claiming that plaintiff had agreed to give this right of way, provided it should build the road across his land.   It had a right to prove by parol such an agreement, and that thereunder, while such agreement or license remained unrevoked, it entered upon such land under such license and constructed its road.   The court therefore was correct in admitting the proof offered, and the court's instructions to the jury in relation to the above legal propositions were clearly correct.

Among plaintiff's grounds for new trial were two under either of which the trial court's attention was directed to the question as to whether the license, if one was granted, had been revoked.   The evidence of plaintiff to the effect that before the defendant entered upon his land he demanded that it keep off his land until settlement for right of way was made stood undisputed.   Such a demand was complete revocation of any prior license.   Sherman, the president of defendant company, virtually admitted such license to have been revoked.

The trial court was therefore justified in granting a new trial, not because of wrongful admission of evidence, but because the evidence showed the license, if any, was timely revoked, and that, therefore, the instructions given the jury were inapplicable to the facts proven.