[Civ. No. 17033.   First Dist., Div. Two.   Apr. 29, 1957.]

JACK DOKE, Respondent, v. BENJAMIN A. BROCK-HURST et al., Defendants; BERT E. DAWE et al., Appellants.

Hoey, Hoey, Hall & Conti, Stark & Champlin, Stanley E. Sparrowe and John F. Wells for Appellants.

Edmund S. Barnett for Respondent.

DOOLING, J.—Plaintiff and respondent Doke is a licensed real estate broker. Mr. and Mrs. Brockhurst placed a tract of land in respondent's hands for sale. Defendant and appellant Dawe desired to purchase this land for the purpose of subdividing it and building 46 homes thereon for sale. The price fixed by the Brockhursts was $58,400 which included a 10 per cent commission to respondent Doke amounting to $5,840.

Appellant Dawe approached respondent Doke and proposed to him that if he would forego this $5,840 commission on the sale for the Brockhursts Dawe would give Doke an exclusive written contract to sell all of the homes to be built in the proposed subdivision to which Doke orally agreed. Thereafter a written contract for the sale of the tract to Dawe for $58,400 was signed by the Brockhursts. Attached to this writing was an agreement signed by the Brockhursts to pay Doke a commission of $5,840. This writing was placed in escrow with a title company.

Dawe then went to Doke and told him that he was anxious to close the deal and persuaded Doke to cancel the portion of the contract providing for the $5,840 commission before he received the proposed exclusive agency from Dawe in writing. As a result Dawe was able to purchase the property from the Brockhursts for a net payment of $52,560, thus saving the amount of Doke's commission of $5,840.

Doke acted as exclusive agent for the sale of homes built by Dawe on this tract from the middle of 1953 until April of 1954 and received commissions for the sale of homes therein totaling $8,250 and additional commissions amounting to $1,200 were held for him by the title company at the time of the trial.

Although frequently requested to do so by Doke Dawe failed to execute the promised exclusive agency contract in writing and in April of 1954 Dawe gave a written contract of agency for the sale of the remaining houses in the tract to another broker.

Doke filed his complaint herein in which he sought damages for the breach of the exclusive agency contract or in the alternative for the recovery of the sum of $5,840, the amount of the commission on the original sale which he had given up.

The trial court found that because the exclusive sales agreement had not been reduced to writing action on it was barred by the statute of frauds. (Civ. Code, § 1624, subd. 5.) Judgment for $5,840 was entered on the ground of failure of consideration in that Dawe had refused to give the agreed exclusive agency contract in writing to Doke and that Dawe was thereby unjustly enriched in the sum of $5,840 which he had been relieved of paying to the Brockhursts by reason of Doke releasing his commission from the Brockhursts in that amount.

■ The failure to give a written agreement as promised in a transaction governed by the statute of frauds thereby rendering the contract unenforceable will entitle the party who has paid money in reliance upon such agreement to its recovery back. (*Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561, 565-566 [71 P.2d 817]; *Woerner* v. *Woerner*, 171 Cal. 298, 301 [152 P. 919]; *Fuller* v. *Reed*, 38 Cal. 99, 110; *Reynolds* v. *Harris*, 9 Cal. 338; *Stowe* v. *Fay Fruit Co.*, 90 Cal.App. 421, 427 [265 P. 1042]; *Vasik* v. *Speese*, 26 Cal.App. 129 [149 P. 61]; Rest., Restitution, § 108(d).)

It is true that appellant Dawe received no direct payment from respondent Doke, but he did receive its equivalent in a reduction in the purchase price paid to the Brockhursts equal to the amount of the commission which Doke relinquished and would otherwise have received. To permit Dawe to retain this financial benefit which he received at Doke's expense would be just as inequitable as if Doke had paid him in cash. It is immaterial that the oral agreement between Doke and Dawe preceded the execution of the commission agreement by the Brockhursts since Doke in fact gave up a commission which the Brockhursts were willing to pay to him in reliance upon his agreement with Dawe and Dawe received an equal benefit in the reduction of the price paid to the Brockhursts for their land.

Appellants' claim that the recovery is barred by the statute of frauds is patently unsound. The court expressly refused to enforce the oral contract on the ground that it was barred by the statute of frauds, thus entitling Doke to recover the consideration which he had given under the authorities above cited. It is because the statute of frauds prevented his enforcement of the promised agreement that he is entitled to recover the consideration given for it.

■ The claim that appellants are entitled to restitution of, or credit for, the commissions received by Doke is answered

by the rule that restoration of the benefits is not required where the plaintiff would be entitled to such benefits in any event. (*Oliver* v. *Campbell*, 43 Cal.2d 298, 306 [273 P.2d 15]; *Kales* v. *Houghton*, 190 Cal. 294, 307 [212 P. 21].) The evidence shows that the commissions actually paid were less than those customarily paid for similar services and Doke earned them by actual services rendered in the sale of houses. Any real estate broker for the same services would have received the same amount if not more. The court found that if the promised agreement in writing had been carried to a conclusion Doke would have received commissions in excess of $30,000. The court said in *Oliver* v. *Campbell, supra*, 43 Cal. 2d at page 306: "It is clear that plaintiff was entitled to receive the $450 paid to him either under the contract or for the reasonable value of his services." It is clear that plaintiff was equally entitled to the amount received in commissions in this case on the same basis.

Finally appellants complain that the court failed to make a finding on whether or not Doke breached his obligation in the performance of the contract. The trial court said of this issue: "Defendant Dawe is hardly in a position to complain that plaintiff Doke . . . was not selling the homes fast enough, when Dawe before any sales began and at all times since, has refused to execute to Doke the enforceable exclusive which had been promised to Doke and paid for by him with the Brockhurst commission." We agree. ▮ Dawe cannot defend on the ground that the contract is unenforceable because of the statute of frauds and at the same time seek to enforce one of the terms of the contract against Doke for Dawe's benefit. If the contract is unenforceable against Dawe it must be equally unenforceable against Doke.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 29, 1957, and appellants' petition for a hearing by the Supreme Court was denied June 26, 1957.