Paul A. MITCHELL, Appellant,

v.

Basil LAND and Elizabeth Land, husband
and wife, Appellees.

No. 9.

Supreme Court of Alaska.

Sept. 19, 1960.

Albert Maffei, Anchorage, for appellant.

Hughes & Thorsness, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Associate Justice.

The appellant, Paul A. Mitchell, commenced this action in 1954 in the District Court for the District (Territory) of Alaska to recover damages for breach of contract by the appellees (defendants below) to convey to him an exclusive easement for a private road across their land. At a pre-trial conference it developed that the contract was an oral one and possibly within the Statute of Frauds, whereupon the appellees moved for judgment on the pleadings as supplemented and amended by the pre-trial order. The Court gave judgment for the appellees and the appellant appealed.

In his complaint Mitchell, as plaintiff below, alleged that on September 4, 1953, he and the appellees mutually agreed that the appellees would convey to him "an exclusive right of way easement for a private road, for ingress and egress" to and from his land over and across a portion of appellees' adjoining land, describing it, in consideration of $410 to be paid to them by Mitchell. On the same day Mitchell gave the appellees a $300 down payment in the form of a cashier's check payable to himself. He endorsed the check to the appellees as set forth in the margin [1] and they in turn both endorsed the check which was cashed on or about September 7th. Mitchell further alleges that he agreed to pay to appellees the balance of the purchase price as soon as they executed and returned to him the written instrument covering the easement in question which he handed them. While awaiting the execution of the written easement and with the full knowledge and consent of the appellees, Mitchell then proceeded to bulldoze and grade along the proposed roadway, expending some $232 in the process. Thereafter the appellees refused to execute and deliver the proffered easement; and so Mitchell claimed damages in the amount of $2,000 for breach of contract.

The appellees answered, admitting the negotiations between the parties for an easement but denying that the easement was to be for a private roadway or exclusive in the plaintiff. The appellees affirmatively alleged that they executed and delivered to Mitchell a grant of easement conformable to the agreement of the parties,[2] which the appellant retained but refused to accept [because it was not an exclusive easement]. By way of counter-

1. "Payable to the order of Basil Land for easement for roadway at the rate of fifteen hundred dollars ($1,500.00) per acre. Balance of approximately $100.00 still due.
      "s/ Paul A. Mitchell".

2. The pertinent provisions of this non-exclusive easement, which the defendants executed and delivered to the plaintiff, read as follows:

"The easement herein granted shall be for the purpose of giving access to the Grantee and to his successors and assigns, and to his agents, tenants and visitors to and from the property occupied by the Grantee and above described and to and from the public highway known as the Glenn Highway. . . Such easement is not an exclusive easement and the Grantors, their agents, servants, tenants, visitors, successors and

claim, the appellees demand $1,000 from Mitchell for damages he caused them by his road building operations through dumping dirt and debris on their land outside the boundaries of the easement right of way without their consent. Mitchell filed a reply to the counterclaim denying the allegations thereof except as to the bulldozing work on the roadway, which he reiterates was done at the suggestion and request of the appellees and in their presence.

On June 1, 1959, a pre-trial order was signed by the court and approved by the parties in which the contested issues of fact were defined and three contested issues of law set forth relating to the applicability of the Alaska Statute of Frauds to the facts pleaded.[3] The order declares that no amendments to the pleadings were requested or allowed. Later, on the same day, the appellees filed their motion for judgment on the pleadings. Written memoranda were hurriedly prepared and filed by both parties, and, on June 2nd, after considering the memoranda and oral arguments for and against the motion, the court found that the Statute of Frauds precluded Mitchell's claim for relief in damages and held that the motion should be granted. Nevertheless, the court agreed to hear counsel further on the issue raised by the appellant in oral argument, namely, that the

appellees should return to him the $300 paid to them for an easement which he claimed was different from the one he bargained for and which he did not want. Oral arguments were resumed on the following day and the court then finalized the matter by declaring that Mitchell was not entitled to the return of his $300 because he had not set up in his complaint any claim for such relief.

Judgment for the appellees on the pleadings, together with their costs, was given on June 17, 1959, the court noting that the appellees had withdrawn their counterclaim. Mitchell has appealed to this court alleging error on the part of the trial court in depriving him of the opportunity to prove part performance in avoidance of the Statute of Frauds, and contending that there was a sufficient writing to take the case out of the Statute of Frauds and that he should at least have been allowed to recover the $300 in question. These points are all discussed in appellant's brief filed with us. The appellees filed no brief and failed to appear for oral argument, without any explanation whatever to this Court.

We are of the opinion that an easement for a roadway across the lands of the appellees constituted an interest in land and under the applicable provisions of the Alaska Statute of Frauds[4] could not be

---

assigns shall have the right at any and all times to use the property [easement roadway] above described to gain access to the property retained by the Grantors to the same extent as though this easement had not been given subject only to the provision that such easement is to be open to the Grantee, his agents, servants, tenants, visitors, successors and assigns to the full extent necessary or desirable in order to allow access to and from the public highway and to and from the land occupied by the Grantee as herein provided."

3. The contested issues of law listed in the pre-trial order are:
   "A. Is an agreement to grant an easement across lands an agreement creating an interest in real property within the meaning of the laws of the * * * State of Alaska * * *?
   "B. Assuming that the alleged agreement between plaintiff and defendants

was oral, has plaintiff complied with the rule as to indispensable evidence as provided by the laws of the State of Alaska * * *?
   "C. Is the writing on the endorsement of the check offered by the plaintiff * * sufficient to constitute a memorandum to satisfy the so-called Statute of Frauds under the laws of the State of Alaska?"

4. Section 58-2-2, A.C.L.A.1949: "In the following cases an agreement is void unless the same or some note or memorandum thereof expressing the consideration be in writing and subscribed by the party to be charged or by his lawfully authorized agent:
   *       *       *       *       *
   "Fifth. An agreement for leasing for a longer period than one year, or for the sale of real property, or of any interest therein, or to charge or encumber the same." (This section was amended in 1955 in certain material respects, but not

conveyed except by an instrument in writing.[5] Nor do we consider the writing on the endorsement of the check [6] to be a sufficient memorandum to satisfy the statute. Not only does the memorandum fail to describe any land across which an easement is to run but it gives not the slightest intimation that the easement was to be *exclusive* or *for a private roadway*. It has been held that an exclusive easement is an unusual interest in land, amounting almost to a conveyance of the fee; and, therefore, no intention to convey such a complete interest can be imputed to the owner of the servient tenement in the absence of a clear indication of such an intention.[7]

■ In the Alaska case of Weiss v. Girtz,[8] Judge Ritchie recognized the established rule which is employed in construing defective descriptions in memoranda for the sale of realty, namely, that extrinsic evidence may be received to show the application of the terms of the description given in the memorandum, but not to supply missing elements without which the description is hopelessly defective. Even though the appellees admit the making of an agreement for an easement across their lands, they specifically deny that they ever agreed to give an exclusive easement. This feature of exclusiveness we regard as a material element in the description contended for by the appellant, which is missing and may not be supplied by extrinsic evidence.[9]

Because it is not too clear from appellant's brief exactly what errors he charges

against the trial court, we had to examine carefully the entire record sent up to us. It appears that, after the lower court ruled that he was not entitled to prove damages for breach of a contract which came within the Statute of Frauds, he then insisted that all he wanted was the return of his $300 which he had paid on account to the appellees for an exclusive easement, and to be relieved from having to pay any costs of suit to the appellees. Yet in one part of his brief he now states:

" * * * Although it appears from the pleadings in this action that the parties may rely upon an agreement which may be within the statute of frauds, there is no certainty about it and the defense is not pleaded. * * Since the court summarily ruled on the matter, the plaintiff was not allowed to show proof of part performance or any other exception to the statute of frauds except by way of one affidavit."

Earlier in his brief, appellant had conceded that, while under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A.[10] affirmative defenses such as the Statute of Frauds must be pleaded, the court under Fed.R.Civ.P. 12(c) may grant a motion for judgment on the pleadings and if matters outside the pleadings are presented the motion shall be treated as one for summary judgment under Fed.R.Civ.P. 56 and all parties must be given reasonable opportunity to present all matters pertinent to such motion.

until after the agreement here under consideration.)

Section 58–2–4, A.C.L.A.1949: "No estate or interest in real property, other than a lease for a term not exceeding one year, * * * can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing subscribed by the party creating, transferring or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law."

5. Tiffany, Real Property, § 776, (3rd ed. 1939); Canell v. Arcola Housing Corp., Fla.1953, 65 So.2d 849; Spawn v. South

Dakota Cent. Ry. Co., 1910, 26 S.D. 1, 127 N.W. 648.

6. Footnote 1, supra.

7. City of Pasadena v. California-Michigan Land & Water Co., 1941, 17 Cal.2d 576, 110 P.2d 983, 133 A.L.R. 1186, and authorities there cited. See also Van Natta v. Nys, 1954, 203 Or. 204, 278 P.2d 163, 170, 279 P.2d 657.

8. 1922, 6 Alaska 547.

9. Catterlin v. Bush, 1901, 39 Or. 496, 59 P. 706, 65 P. 1064, 1065.

10. Made applicable to the District Courts of Alaska by Congress in 1949. See 48 U.S.C.A. 103a (1952), (§ 55–1–1a A.C. L.A.Cum.Supp.1957).

The appellant is apparently trying to say that it was all right for the court to entertain appellees' motion for judgment on the pleadings, in effect a motion for summary judgment, after hearing matters at the pre-trial conference outside the pleadings relating to the defense of the Statute of Frauds, but that the appellant should then have been given an opportunity to show the existence in his case of some exception to the Statute of Frauds, such as part performance, which would have debarred the appellees from a judgment as a matter of law. We find no basis for such argument, because under Fed.R.Civ.P. 6(b) the appellant could have applied to the court for further time to prepare his resistance to the motion. As a matter of fact the record reveals that the court did grant both parties time to prepare themselves to argue the motion and both submitted written memoranda in support of their respective positions. The appellant even filed an affidavit with his memorandum in which he alleges that, after negotiations for the easement had taken place, he paid to the appellees $300 on the purchase price, expended $215.20 for material, equipment and labor in the construction of 400 feet of the 600 feet of roadway on the easement to be granted, and paid an attorney $10 to draft a written easement. There was no request of the court for enlargement of time in which to submit additional affidavits or other pertinent material.

It is a well established principle of law that the mere payment of the purchase price by the vendee, without other acts, is not sufficient as an act of part performance to take an oral contract for the sale of real estate out of the Statute of Frauds.[11] Since the vendee can recover back the purchase money in an action at law, no fraud or injustice will result to him if the contract is not enforced.[12] However, when the vendee takes and retains possession in pursuance of the verbal agreement and makes improvements upon the land, he thereby acquires an equitable estate in the premises and to deny him the right to establish the terms of the verbal contract upon the faith of which he acted would permit the vendor to practice a fraud.[13] Such possession must be notorious, exclusive, continuous and maintained.[14]

Applying these rules to the case at bar, we fail to find anything in the record that establishes the kind of possession contemplated by the law. Nowhere does the appellant claim that he ever went into possession of the property in question, and any possession that he may have had would have to be inferred from the fact that he had some road construction work done on the premises at one time or another. Furthermore, while the usual purpose of showing part performance in a case such as this is to take the oral contract out of the Statute of Frauds so that the court may decree specific performance of the same, the appellant did not ask the court for specific performance. In fact he very pointedly told the trial court, in his written memorandum and oral argument in opposition to the motion for judgment on the pleadings, that this action is not one for specific performance of an oral agreement but is one for damages for failure of the appellees to execute an exclusive easement to him. Granting for the sake of argument only that part performance might be shown in avoidance of the Statute of Frauds in a suit to recover damages for breach of an oral contract to grant an exclusive easement, the appellant has failed to plead or prove the type of possession which is one of the essential elements of part performance required to make the Statute of Frauds inapplicable.

11. Woerner v. Woerner, 1915, 171 Cal. 298, 152 P. 919; Cooper v. Thomason, 1896, 30 Or. 161, 45 P. 296.

12. Baldridge v. Centgraf, 1910, 82 Kan. 240, 108 P. 83.

13. Cooper v. Thomason, footnote 11, supra.

14. Baldwin v. Baldwin, 1906, 73 Kan. 39, 84 P. 568, 570, 4 L.R.A.,N.S., 957; Richardson v. Savage, 1937, 129 Pa.Super. 235, 195 A. 629; Boese v. Childress, 1921, 83 Okl. 60, 200 P. 997; Cooper v. Thomason, footnote 11, supra.

In spite of all that we have now said in favor of the trial court's decision, we still feel that the case must be remanded because of manifest error in another respect. We refer to the court's ruling that the appellant was not entitled to the return of the $300 which he had paid to appellees for an easement, because he had not set up in his complaint any claim for such relief. The court evidently was aware of the rule that where a party to a contract unenforceable by reason of the Statute of Frauds refuses to go on with the contract after having received a part of the consideration from the other party, the consideration received by him may be recovered,[15] but felt that the appellant should have brought an action on an implied contract as for money had and received rather than for damages because of breach of contract.

Appellant had insisted in his argument to the court that he had pleaded sufficient facts to entitle him to recover his $300 in this action without a specific prayer for such relief in his complaint; and we agree with him. Clearly the appellant was mistaken in the specific relief he asked for in his complaint, but he also asked for such other relief as might be appropriate. In the one-form-of-action procedure under the Federal Rules of Civil Procedure, it has been held that parties should be granted the relief to which they are entitled irrespective of the theory of their pleading;[16]

and that a court is not justified in depriving a party of his rights because he mistakes the nature of his remedy.[17] There is no doubt in our minds that the trial court should have considered the issue raised by appellant Mitchell's allegation in his complaint that he had paid $300 to the appellees for which he received no consideration and should then have granted him such relief as justice might have called for.

Rule 8(f) of the Federal Rules of Civil Procedure requires that all pleadings shall be so construed as to do substantial justice; and in that respect the Supreme Court of the United States had announced even before the effective date of the Rules:

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."[18]

Adding to this the provision of Fed.R.Civ. P. 54(c), that every final judgment, except by default, shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings, and recognizing the legal principle that judgment on the pleadings and summary judgments should be given only when there is no genuine issue as to any material fact and when the merits can be determined in that way,[19]

15. Orella v. Johnson, 1952, 38 Cal.2d 693, 242 P.2d 5; Doke v. Brockhurst, 1957, 150 Cal.App.2d 514, 310 P.2d 43; Dreier v. Sherwood, 1925, 77 Colo. 539, 238 P. 38, 40.

16. Fed.R.Civ.P. 1, 2, 54(c); Cohen v. Randall, 2 Cir., 1943, 137 F.2d 441, certiorari denied 1943, 320 U.S. 796, 64 S. Ct. 263, 88 L.Ed. 480; Garland v. Garland, 10 Cir., 1947, 165 F.2d 131, in which specific performance was granted along with damages for withholding of possession, although the relief sought was rescission and cancellation of certain contracts and conveyances; Nester v. Western Union Tel. Co., D.C.S.D.Cal. 1938, 25 F.Supp. 478, affirmed 9 Cir., 106 F.2d 587, reversed on other grounds 1939, 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960; Fanchon & Marco, Inc. v. Paramount Pictures, Inc., 2 Cir., 1953,

202 F.2d 731, 36 A.L.R.2d 1336, holding that the one civil action under the rules is used to vindicate any civil power that the court has, and that demand for judgment forms no part of the claim for relief and does not restrict the relief to be granted.

17. Union Mut. Life Ins. Co. v. Friedman, 2 Cir., 1944, 139 F.2d 542; Kansas City, St. L. & C. R. Co. v. Alton R. Co., 7 Cir., 1941, 124 F.2d 780; Gins v. Mauser Plumbing Supply Co., 2 Cir., 1945, 148 F.2d 974.

18. Maty v. Grasselli Chemical Co., 1938, 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745, 748.

19. Burns Mortgage Co., Inc. v. Stoudt, D.C. E.D.Pa.1942, 2 F.R.D. 219; Munn v. Robison, D.C.W.D.Ark.1950, 92 F.Supp. 60.

we conclude that law and justice require that this case be remanded to the Superior Court for determination of Mitchell's right to recover the $300 which he paid to the appellees.

There is one other matter raised in this appeal which we need to consider. It appears that in a hearing on the taxation of costs before the Clerk of the District Court, that official allowed to the appellees as an item of costs the sum of $255 for transportation of one of the appellees from the border of Alaska to Anchorage and return to testify as a witness for the appellees in the event the case should go to trial. The Clerk's decision was reversed by the District Court. In a memorandum opinion issued on September 9, 1959, the court pointed out that appellees' counsel had not used due diligence in presenting the facts which would have justified their motion for judgment on the pleadings sufficiently in advance of the trial date to have eliminated the need to prepare for trial. Several weeks after September 9, the Court became aware of the fact that Mitchell had on July 14, 1959, filed a notice of appeal to the appellate court for Alaska from the Judgment on the pleadings, and promptly ordered stricken from the files its memorandum opinion of September 9, declaring that it had lost jurisdiction by reason of the appeal from its judgment. Mitchell contends that the trial court erred in holding that it had lost jurisdiction in the matter of costs because of the appeal to a higher court. He cites no authorities.

■■■■ Since the judgment of the trial court must be reversed and the case remanded for further proceedings, there is no need at this time to determine whether the lower court lost jurisdiction in the matter of assessing costs because of the appeal. We apply here the general rule that where reversals are ordered and the cause is remanded for a new trial the allowance of costs incurred in the lower court must await the result of the trial which will eventually settle the controversy.[20]

The case is reversed and remanded with directions to the Superior Court to permit the appellant to amend the prayer for relief in his complaint and the appellees to reassert their counterclaim if they so elect.

---

20. McKinney v. Nayberger, 1931, 138 Or. 203, 295 P. 474, 2 P.2d 1111, 6 P.2d 228, 229; Seeley v. Cornell, 5 Cir., 1937, 90 F.2d 562; Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1956, 232 F.2d 897, 57 A.L.R.2d 1234.