**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MUN S. SEIFERT,

               Plaintiff - Appellant,

    v.

ESKIMOS, INC.,

               Defendant - Appellee.

No. 14-35777

D.C. No. 3:13-cv-00080-TMB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 13, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

    Appellant Mun S. Seifert (Seifert) appeals the district court's order granting

defendant-Appellee Eskimos, Inc.'s motion to dismiss.  Seifert contends that the

district court erred in finding that Seifert had not pled facts giving rise to an

enforceable lease.

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The unambiguous language of the lease and the Alaska Statute of Frauds required any extension over one year to be in writing. *See* Alaska Stat. § 09.25.010(a)(6), (b) (requiring leases that exceed one year to be committed to writing). No legal or equitable exception negated that requirement in this case. *Cf.* Alaska Stat. § 09.25.020 (providing that full performance by one party accepted by the other according to the terms of the contract is a statutory exception to the Statute of Frauds); *Mitchell v. Land*, 355 P.2d 682, 686 (Alaska 1960) (recognizing part performance as an exception to the Statute of Frauds).

Even if the prior owner equitably waived its contractual right to demand a signed writing, Seifert cited no authority suggesting that the prior owner's waiver binds successors in interest. In addition, Seifert made no persuasive argument that a verbal promise to extend a contractual lease should be construed to run with the land. *See* Restatement (Second) of Prop.: Landlord & Tenant § 16.1 (suggesting that only an express promise in a lease runs with the land).

**AFFIRMED.**