[S. F. No. 5883. Department One.—November 15, 1912.]

RALPH W. HART, Respondent, v. C. F. BUCKLEY, Appellant.

EMPLOYMENT OF ARCHITECT—DISMISSAL WITHOUT CAUSE—ENTIRE CONTRACT—ACTION FOR SERVICES ON QUANTUM MERUIT.—An architect employed to prepare the plans and specifications and to superintend the construction of an entire building, under a contract whereby he was to be paid a certain percentage of its cost, upon being discharged, without cause, by his employer during the term of his employment, may maintain an action upon the *quantum meruit* for the value of the services performed.

ID.—DISCHARGE OF EMPLOYEE DURING TERM OF EMPLOYMENT—RESCISSION OF CONTRACT.—It is a general rule that where an employee is, without cause, discharged by his employer during the term of his employment, he may regard the contract as rescinded and sue upon a *quantum meruit* and recover the reasonable value of his services, as if the contract of employment had never been made.

ID.—DAMAGE RESULTING FROM NEGLIGENCE OF ARCHITECT—COUNTERCLAIM—INSTRUCTIONS.—In such action by the architect, the employer is entitled, in support of a counterclaim pleaded in his answer, to have the jury instructed that if they should find that the contractor for the building carelessly did certain work in an unworkmanlike manner and not in conformity with the specifications, and that plaintiff carelessly failed to properly inspect or test the work and carelessly certified that it was done properly and as specified, and that this negligence of the plaintiff caused damage to defendant, the damage should be deducted from the value of the plaintiff's services.

ID.—EVIDENCE—FAILURE OF ARCHITECT TO INSPECT WORK.—Where the evidence tended to show that the work had not been properly done, and that the plaintiff had certified to its conformity to the contract, the refusal to give such instruction was not justified merely because there was no direct evidence tending to show that the plaintiff had failed to inspect or test the work, or that he was negligent in his inspection or test. It was his duty to inspect and test it and to use due care and skill therein, and the jury might infer from the other facts in evidence either that he did not inspect it at all or that he was negligent in so doing.

ID.—REFUSAL OF INSTRUCTION NOT HARMLESS ERROR.—The refusal to give such instruction was not rendered harmless by the giving of an instruction that "the mere fact that some of the work was negligently done does not defeat the plaintiff's right to compensation. He is still entitled to compensation for the reasonable value of his services, and in determining such reasonable value of his services you may take into consideration the actual amount of damage (if any) which defendant has proved that he has suffered by reason of such negligence."

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. George H. Buck, Judge, presiding.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellant.

De Laveaga & Magee, and Frank L. Owen, for Respondent.

SHAW, J.—Defendant appeals from an order denying his motion for a new trial.

The complaint is in two counts, each upon a distinct claim for money due, aggregating $2,706.80. The first count alleges that, between February 1 and August 30, 1907, plaintiff performed services as architect for the defendant, at his request, in making plans and specifications and in superintending the erection of a building on Market Street in San Francisco, which services were reasonably worth $1,506.80, for which sum defendant is indebted to him, and the same is wholly unpaid. The second count alleges that on February 2, 1907, defendant employed plaintiff as an architect to draw plans and specifications for a building to be erected by defendant on Larkin Street and to superintend the erection thereof, and agreed to pay plaintiff therefor a sum equal to five per centum on the cost of the building; that plaintiff began the performance of said services, and that while he was diligently engaged therein, the defendant, without cause or excuse, terminated his employment and refused to allow him to continue therein, although he was ready and willing to do so, whereby he was damaged in the sum of one thousand two hundred dollars, which remains wholly unpaid.

The answer to the first count denies that any service in superintending the building mentioned was performed except in the excavation of the basement and the erection of the concrete work, and it denies that the service was of any value. It further alleges that the plaintiff was negligent in the performance of said services, and that because of said neglect of the plaintiff the defendant, on August 30, 1907, discharged him. The answer to the second count denies the making of the agreement alleged, the performance of any services thereunder, the wrongful discharge, and the damages. By the way of set-off to both counts, it is alleged that plaintiff was employed by defendant to draw the plans and specifications for the said building on Market Street and to superintend the erection thereof, and that he undertook to use due care and skill therein, that the work was carelessly done by the contractor "in an unworkmanlike manner, and not in conformity with said specifications," that the plaintiff negligently "failed to properly inspect or test said work," and negligently issued certificates as architect

that said work was properly done, and that $4,279.59 was due the contractor therefor, and thereby caused the defendant to accept said work and pay said sum, and that the said work was not worth more than one thousand five hundred dollars.

There was a jury trial and a verdict was returned for the plaintiff in the sum of one thousand five hundred dollars. The defendant claims that the court erred in certain rulings admitting evidence offered by the plaintiff and in refusing certain instructions requested by the defendant.

The Larkin Street building was not erected. The plaintiff's services in relation to it consisted only of the preparation of the plans and specifications. The main controversy was over the services upon the Market Street building. The plaintiff prepared the plans and specifications for the entire structure, let the contract for the basement excavation and for the concrete foundation walls and superintended the erection of said walls. He was discharged by the defendant when the foundation was completed.

It was not error to allow testimony as to the reasonable value of the services performed by the plaintiff upon the Market Street building. The complaint with respect to that building was in the form of a common count upon the *quantum meruit* for the value of the services performed. There was evidence that defendant had agreed to employ the plaintiff as architect thereon for the construction of the entire building and to pay him as compensation five per cent of the cost thereof, and that the premature discharge was without good cause. "It is the general rule that where an employee is, without cause, discharged by his employer during the term of his employment, he may regard the contract as rescinded and sue upon a *quantum meruit* and recover the reasonable value of his services, as if the special contract of employment had never been made." (*Brown* v. *Crown G. M. Co.*, 150 Cal. 384, [89 Pac. 86], and cases cited.) The evidence was therefore relevant to the issue, and there was no variance between this proof and the allegations.

The defendant asked an instruction to the effect that if the jury should find that the contractor for the foundation carelessly did the work in an unworkmanlike manner and not in conformity with the specifications, and that plaintiff carelessly failed to properly inspect or test the work and care-

lessly certified that the work was done properly and as specified, and that this negligence of the plaintiff caused damage to defendant, the damage should be deducted from the value of the plaintiff's services. This instruction was refused. There was no demurrer to the counterclaim on the ground of uncertainty, and evidence was given in support of it without objection. It appears to have been treated as sufficient in that respect. The record recites that evidence was given tending to show that the walls of the foundation were not, nor were any of them, constructed by the contractor in a workmanlike manner nor in accordance with the contract, that they were insufficient to sustain any four story building, that pieces of the concrete in them could easily be broken off and would easily crumble in one's hands, and that the value of the work so done by the contractor did not exceed fifteen hundred dollars. It also appeared that plaintiff had issued certificates stating that the work was completed according to the contract, and that the defendant had thereon paid the contractor the full contract price therefor.

The instruction should have been given. It contains a correct statement of the law, and it was applicable to the case as presented by the pleadings and the evidence above recited. It is true that in the recital referred to there is no express statement that there was any evidence tending to show that the plaintiff failed to inspect or test the work, or that he was negligent in his inspection or test. But it was his duty to inspect and test it and use due care and skill thereon. If no part of it was done in conformity with the contract, and he certified that it was all done in accordance therewith, the jury might reasonably infer either that he did not inspect it at all or that he was negligent in so doing.

The recital, of course, implies that the evidence tending to show the facts stated was substantial in character and sufficient to warrant the jury in finding that said facts existed. Consequently we cannot consider the error as a trivial one. The introduction of contradictory evidence would merely raise a question of fact to be submitted to the jury. It would not authorize the court to refuse the instruction.

The plaintiff claims that the refusal of this instruction was rendered harmless by an instruction given directing the jury that "the mere fact that some of the work was negligently

done does not defeat the plaintiff's right to compensation. He is still entitled to compensation for the reasonable value of his services, and in determining such reasonable value of his services you may take into consideration the actual amount of damages (if any) which defendant has proved that he has suffered by reason of such negligence.'' This instruction does not properly cover the point. The amount of damage caused by plaintiff's negligence is not directly relevant to the value of the services performed by him. It might have some bearing on the character of the service and in that way relate to the question of value. The jury may have understood the instruction to mean that they might consider the damage in this light, not for the purpose of deducting it from the value of the services proved, but to show that the services were poor in character, and that because of that fact they might reduce the estimate of the value of the plaintiff's services. This is not the same process as that of finding the true value of the services and the true amount of damage and deducting one from the other, which was the proposition contained in the instruction refused. The defendant was entitled to have it given as asked.

The order is reversed.

Sloss, J., and Angellotti, J., concurred.