[Civ. No. 2471. Second Appellate District, Division One.—March 31, 1919.]

## ATANACIO MARTINEZ, Appellant, v. M. D. YANCY, Respondent.

[1] LEASES—ORAL AGREEMENT FOR—POSSESSION OF PREMISES UNDER—BREACH—REMEDIES—MEASURE OF DAMAGES.—Where a person enters into possession of premises in reliance upon an oral offer by the owner to lease the land to him for a term of years at a given rental, and continues in possession until the end of the first season, at which time the owner refuses to execute a written lease of the property, his remedy (if any exists) is not an action in *quantum meruit* for work done thereunder, since there was no contract under which he could have performed any work, but for a breach of the oral promise made by the owner to make the lease, in which case the measure of damages, as provided by section 3300 of the Civil Code, is the amount which will compensate him for the detriment proximately caused by such breach, or which will be likely to result therefrom.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Allan B. Campbell, Henry R. Holsinger and Campbell & Holsinger for Appellant.

Edward F. Brittan for Respondent.

SHAW, J.—Action in *quantum meruit* for work and labor alleged to have been performed by plaintiff for defendant at his special instance and request.

Judgment, from which plaintiff appeals, followed the granting of defendant's motion for nonsuit made at the close of plaintiff's evidence, which evidence tended to prove that in January, 1915, plaintiff, upon an oral offer made by defendant to lease to him a tract of land for a term of five years at a rental of one-half the crops produced thereon, entered upon and continued in possession thereof until October 12, 1915, at which time defendant refused to execute a written lease of the property. Thereupon plaintiff demanded payment for the work performed during the time he was in possession, to which defendant replied that as compensation he was entitled to and could take one-half of the crops produced during the year.

Appellant insists upon a reversal under the well-recognized rule that where one engaged in the performance of services under a contract is, by the wrongful act of the other party thereto, prevented from completing the work called for, he may treat the contract as at an end and recover in *quantum meruit* for such part performance. (*Hart* v. *Buckley*, 164 Cal. 160, [128 Pac. 29].) As stated by Greenleaf on Evidence, volume 2, section 104, one may avail himself of an action upon *quantum meruit* "where the contract, though partly performed, has been either abandoned by mutual consent, or rescinded and extinct by some act on the part of the defendant." It thus appears the rule is predicated upon the existence of a contract pursuant to the terms of which and prior to the extinguishment thereof the work has been done. In the instant case, however, plaintiff was not in possession of the property under and by virtue of a lease for five years or any lease other than for one year, as to which there was no repu-

diation or interference with his rights by defendant. Since concededly defendant never made a contract leasing the property to plaintiff for five years, there could be nothing done thereunder by plaintiff pursuant to its terms.

The wrong done plaintiff was in the refusal on the part of defendant to execute the lease in accordance with his oral promise in reliance upon which plaintiff entered upon the property and farmed it for one season. Plaintiff's remedy (if any existed) was not an action in *quantum meruit* for work done thereunder, since, as we have seen, there was no contract under which he could have performed any work, but for a breach of the oral promise made by defendant to make the lease, in which case the measure of damages, as provided by section 3300 of the Civil Code, is the amount which would compensate him for the detriment proximately caused by such breach, or which would be likely to result therefrom. This was the theory upon which the trial court granted the motion for nonsuit, and in doing so it did not err.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.