[No. 2,943.]

## SAMUEL McCARGER v. H. W. ROOD.

PAROL ARGUMENT TO EXECUTE A LEASE.—A Court of Equity will, in a proper case, enforce the specific performance-of a parol contract to execute a written lease of land.

STATUTE OF FRAUD.—Part performance of a parol agreement to execute a written lease of land for more than one year takes the agreement out of the operation of the Statute of Frauds.

EVIDENCE IN SUIT TO ENFORCE SPECIFIC PAYMENT.—In an action to enforce a parol agreement to execute a lease of land, where plaintiff has entered into possession and farmed the land under the parol agreement, evidence on behalf of defendant that plaintiff has not properly farmed the land is not admissible, because it does not tend to prove that there had not been such part performance as takes the contract out of the Statute of Frauds.

IMPEACHING WITNESS.—If the defendant calls a witness to prove the terms of a parol contract, the plaintiff may in rebuttal, to impeach the witness, prove by another witness declarations made by defendant's witness as to what the contract was.

APPEAL from the District Court, Second Judicial District, Butte County.

Rood was the owner of land, and by Wilson, his attorney-in-fact, made a parol agreement to lease the same to McCar-

ger for two years from the first day of October, 1868. By the terms of the agreement of lease plaintiff was to enter upon, and into possession of, the land, and plow the same and sow it with grain, and pay to the defendant, as rental, the one fourth of the crop raised upon the lands the first year, the same to be delivered at the threshing machine in the field. Of the crop of grain raised the second year, plaintiff was to pay the same rental and in the same manner, but plaintiff had the right of election for the crop of the second year, whether he would plow and sow the lands or whether he would raise a volunteer crop thereon, and if he raised a volunteer crop the second year defendant was to have one third of the crop. The plaintiff cultivated the land the first year and gave defendant one fourth the crop. On the trial the defendant attempted to prove by John Bidwell that the plaintiff the second year neglected to take the necessary precautions to raise a volunteer crop, but the Court ruled out the testimony.

On the trial the defendant called his agent, Wilson, as a witness, and examined him as to what the parol agreement with McCarger was. The plaintiff in rebuttal called S. A. McMasters, and proposed to prove by him a conversation he had with Wilson at Wilson's house a day or two after the parol agreement as to what the agreement with McCarger was. The defendant objected to the evidence because it was calling for Wilson's declarations, and not binding on Rood, and because the conversation was not a part of the res gestœ, and because offered to discredit Wilson's testimony. The Court overruled the objection.

The other facts are stated in the opinion.

*George Cadwalader*, for the Appellant.

Specific performance is only granted where the terms of the agreement are certain to every intent, mutual in their character, and capable of performance, combined with a lack of an adequate remedy at law. (*Duff* v. *Fisher*, 15 Cal. 375; *Cooper* v. *Pena*, 21 Cal. 403.)

In this case the terms of the contract were to be written,

and the writing was never made. This left the agreement inchoate, with the liberty to either party to retract.

McMasters, one of plaintiff's witnesses, was permitted to state the declarations of the agent of defendant, made a day or two after the agreement. These declarations were inadmissible, not being part of the *res gestæ.* (*Thalkemire* v. *Brunckerhoff,* 4 Wend. 397; *Bradford* v. *Williams,* 2 Md. Ch. 1; *Williams* v. *Shackelford,* 16 Ala. 318; *Hough* v. *Doyle,* 4 Rawle, 294; *Innis* v. *Steamer Senator,* 1 Cal. 461.

*Belcher & Belcher* and *Burt & Sexton,* for Respondent.

The contract was for the leasing of lands for two years, and was not reduced to writing, but still was not obnoxious to the provisions of the Statute of Frauds, because the plaintiff had, immediately on the making of the contract, entered into possession of the lands, and had performed his part of the contract, by breaking up and seeding the land in wheat and barley. (Secs. 8 and 10, Fraudulent Conveyances, 1 Hittell, 3152 and 3154.) The contract was for the leasing, and not merely for the cropping of the land. (*Walls* v. *Preston,* 25 Cal. 59.)

Damages could not compensate the plaintiff. Beside, if he had sued for damages in a Court of law, the answer would have been, that the contract, not having been reduced to writing, was void under the Statute of Frauds; that he was a trespasser, and not entitled to damages. Equity alone could give relief. At law he was remediless.

Since the case of *Lester* v. *Foxcroft,* 1 Colles, 108, decided on appeal in the House of Lords, in 1701, Courts of Equity in England and America have constantly held part performance a sufficient ground to take a case out of the operation of the Statute of Frauds, and for compelling specific performance of parol contracts respecting lands. (*Lester* v. *Foxcroft,* 1 Colles, 108; *Mundy* v. *Joliffe,* 5 M. & C. 167; *Sutherland* v. *Briggs,* 1 Hare, 26; *Morphett* v. *Jones,* 1 Swanst., 182; *Caldwell* v. *Carrington's Heirs,* 9 Peters, 86; *Hall* v. *Hall,* 1 Gill, 389; *Arguello* v. *Edinger,* 10 Cal. 150; *Morrison* v. *Peay,* 21 Ark. 110.)

By the Court, CROCKETT, J.:

The action is to compel the specific performance of a parol agreement, whereby the defendant undertook, as is alleged, to execute and deliver to the plaintiff a written lease for certain lands for a term of two years. The plaintiff alleges that, relying on the promise of the defendant to execute the written lease, he entered upon and cultivated the land, and has in all things performed his share of the agreement; but that the defendant refuses to execute the written lease, and in several particulars has violated the terms of the parol agreement. The Court below found the facts to be substantially as alleged by the plaintiff, and entered a decree requiring the defendant to execute and deliver the written lease. The defendant appeals from the judgment and from the order denying his motion for a new trial. That a Court of Equity, in proper cases, will enforce the specific performance of an agreement whereby a party undertakes to execute and deliver a written contract, or other instrument, is a familiar principle in equity jurisprudence, and has been frequently applied to the execution of leases. Under sections 8 and 12 of our "act concerning fraudulent conveyances and contracts," every contract for the leasing of lands for a longer period than one year, and every agreement which by its terms is not to be performed within one year is void, unless in writing. But Section 10 provides that that "nothing contained in this chapter shall be construed to abridge the powers of Courts to compel the specific performance of agreements in cases of part performance of such agreements." That part performance takes a parol contract out of the operation of the statute of frauds is too well settled in this country and in England to require further comment. In this case, the Court finds, and the proofs show, that the plaintiff performed the contract on his part; but that the defendant has refused to execute the written lease as he agreed to do, and has violated the contract in other particulars. The plaintiff has no adequate remedy at law for the refusal of the defendant to execute

the written lease, and is entitled to have this part of the contract specifically performed.

The facts offered to be proved by the witness, Bidwell, were properly excluded. At most, his testimony in connection with other evidence already in, or proposed to be offered, would only have tended to show that in some particulars the plaintiff had not farmed the land in the most judicious manner; but would not have tended to prove that there had not been such a part performance of the contract as to take the case out of the statute of frauds.

The evidence of McMasters and another witness, detailing conversations with Wilson touching the terms of the contract, was properly admitted as tending to impeach his credibility. The findings covered the material issues, and there was no error in refusing to amend them.

Judgment and order affirmed.

Mr. Justice BELCHER, being disqualified, did not participate in the decision.