[No. 4,233.]

## EARL BARTLETT, EXECUTOR OF THE WILL OF GEORGE LUMLEY, DECEASED, v. CHARLES H. AITKEN.

DAMAGES FOR REFUSAL TO RECONVEY LAND.—An action will not lie to recover damages for the breach of a verbal contract to reconvey real estate, formerly conveyed by the plaintiff to the defendant.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint alleged that George Lumley, in his lifetime, borrowed two hundred dollars from the defendant, and gave him his note for it, and, to secure the note, gave the defendant an absolute deed of a lot in San Francisco.

That Lumley, when the note fell due, tendered the money and a deed of reconveyance ready to be executed, and demanded a reconveyance, and that the defendant refused the money and to reconvey. That since then the defendant had sold the lot to one Kerr, who bought in good faith and without notice. Damages were claimed in the sum of one thousand dollars. The Court below sustained a demurrer to the complaint and the plaintiff appealed.

*E. Bartlett,* for the Appellant.

*T. B. Bishop* and *Wm. H. Fifield,* for the Respondent.

By the Court.

The plaintiff seeks to recover damages for a breach of a verbal contract to re convey real estate. No such action can be maintained at law.

If it be claimed that the conveyance from plaintiff to defendant was intended as a mortgage, the former must apply to a Court of equity so to declare.

Judgment sustaining the demurrer to the amended complaint is affirmed.