<hr />

[Department One. — July 23, 1883.]

LUCIEN L. FORRESTER ET AL., APPELLANTS, *v.* JUAN FLORES, RESPONDENT.

SPECIFIC PERFORMANCE — ORAL AGREEMENT. — The payment of the purchase money is not sufficient part performance to authorize the specific enforcement of an oral agreement to convey land.

ID.— PLEADINGS — MOTION FOR JUDGMENT. — The complaint alleged the making of an agreement without stating whether it was in writing or not, and also alleged the payment of the purchase money. The answer denied the agreement, and averred that there was no contract or agreement in writing, but was silent as to the payment of the purchase money. The plaintiffs moved for judgment on the pleadings. *Held,* that the motion was properly denied.

APPEAL from a judgment of the Superior Court of the county of Santa Barbara.

The facts are sufficiently stated in the opinion of the court.

*Hall & Requa,* for Appellant.

*A. A. Oglesby, Thomas McNulta,* and *W. C. Stratton,* for Respondent.

MCKEE, J. — Action in equity for specific performance.

By the complaint it is claimed that about March 18, 1880, the defendant was the owner of the lot of land in dispute and "agreed" to sell the same to the plaintiffs for a stipulated price; and, upon payment thereof, to execute and to deliver to the plaintiffs a good and sufficient deed to the land. The plaintiffs aver that they have fully performed the agreement on their part by paying the entire purchase money, but the defendant, although he has taken and kept the money, refuses to execute and deliver his deed to the land.

In his answer the defendant admits his ownership of the land, leaves undenied the allegations of the complaint as to payment of the money, but does deny that he entered into any such agreement with the plaintiffs as that set forth in the complaint, and, at the same time, he avers that there was no contract or agreement *in writing* between him and the plaintiffs for a sale of the land or the execution and delivery of a deed to it. Substantially, therefore, the defense is a denial of the contract as set forth in the plaintiffs' complaint and the statute of frauds. The defendant had judgment, and the appeal is on the judgment roll and a bill of exceptions.

Upon the trial the court found there was no such agreement between the parties as is alleged in the complaint. There is no attack upon the finding; it is therefore conclusive, and upon the facts as found there is no error in the judgment roll.

But in the bill of exceptions it is contended that the court erred in denying a motion made by the plaintiffs for judgment on the pleadings, on the ground that, as the answer left undenied the ownership of the land, the payment and receipt of the purchase money for it, and the refusal to convey by the execution and delivery of a deed, solely on the ground that the agreement between the parties was *not in writing,* the plaintiffs were entitled to the relief demanded.

But assuming that the pleadings showed a *parol* agreement between the parties for a sale and conveyance of the lot, such an agreement was invalid under the statute of frauds. (§§ 1971, 1973, Code Civ. Proc., and § 1741, Civ. Code.) But it is also true that a court of equity will take such an agreement out of the statute in case of part performance (§ 1972, Code Civ. Proc.); and it is upon that basis that plaintiffs rest their cause of action.

To entitle a party in a court of equity to the performance of an oral agreement for the sale of land, the terms of the agreement must distinctly appear, or be made out to the satisfaction of the court. It is well settled that a party who claims a right to a conveyance of land under a parol contract on the ground of part performance must make out by clear proof the agreement as alleged, and the acts of performance alleged and proved must be unequivocal evidence of such agreement. (*Blum* v. *Robertson,* 24 Cal. 129.) Here, the pleadings on which the plaintiffs' motion was made deny the very existence of the alleged agreement; it was therefore a matter in issue. And although there was no denial of the allegations as to the payment of the money, yet no inference could be drawn from the fact of payment, that the moneys were paid to the defendant on account of and in the performance of the alleged agreement. Besides, if such an inference could be drawn from the fact, neither the fact, nor the inference, nor both together, would amount to such proof of part performance as would take the parol agreement out of the statute of frauds; for the mere payment of the purchase money of such an agreement is not, according to the general practice in courts of equity, sufficient for that purpose. " By an unbroken current of authorities running through many years, it is settled, too firmly for question, that

payment, even to the whole amount of the purchase money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract." (Browne on Frauds, § 461; Fry on Specific Performance, § 403; Story's Equity Jurisprudence, § 761.) It is only where the payment is accompanied by a change of possession in the land, or the expenditure of money upon it, on the faith of the oral agreement, and where the failure to perform by the vendor would work a gross fraud upon the vendee, that a court of equity will decree specific performance by compelling the execution of a deed. (Story's Eq. Juris. § 761.) For money paid under an invalid contract, the party who pays has an adequate remedy at law.

There was no error in denying the motion for judgment on the pleadings.

Judgment affirmed.

McKINSTRY, J., and ROSS, J., concurred.