[Civ. No. 1574.   Second Appellate District.—December 3, 1914.]

TONY VASIK, Appellant, v. J. M. SPEESE, Respondent.

AGREEMENT TO LÉASE REAL PROPERTY—TERM OF FIVE YEARS—FAILURE TO REDUCE TO WRITING—INVALIDITY OF—DAMAGES.—Under the rules declared in sections 1624, 2309, and 2310 of the Civil Code, an agreement to lease real property for a period of five years which is not reduced to writing, and there being no lease made or signed by the promisor, or any person authorized in writing by him to act for him, is invalid and not binding; and there being no valid contract no damages for the breach thereof can be recovered.

ID.—PAYMENT OF MONEY ON PROPOSED LEASE—RIGHT TO RECOVER.—In such a case, where plaintiff paid the sum of one hundred dollars on account of the proposed lease he would be entitled, in an action properly brought for that purpose, to recover the money so paid, either from the person to whom he paid it, or from the proposed lessor, upon a showing that the money was received on behalf of the latter or applied to his use, but where the complaint does not purport to demand anything except damages for the breach of the agreement, the action cannot be maintained.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, for Appellant.

G. F. McCullough, for Respondent.

CONREY, P. J.—The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

In this action the plaintiff seeks to recover damages for the breach of an alleged agreement of the respondent to lease to

26 Cal. App.—9

plaintiff certain real property for a period of five years. The damages are alleged to consist in the sum of one hundred dollars paid by the plaintiff at the time of making the agreement, and in certain other sums expended and time lost by the plaintiff in preparing for performance of the contract by him.

The evidence shows that there was no written agreement or lease made or signed by the defendant, or by any person authorized in writing by the defendant to act for him. Under the rules declared in sections 1624, 2309, and 2310 of the Civil Code, the alleged contract is invalid and not binding upon the defendant. There being no valid contract, it follows of course that there can be no damages for breach thereof.

It is true that the plaintiff having paid the sum of one hundred dollars to H. L. Suydam on account of the proposed lease, would be entitled in an action properly brought for that purpose to recover the money so paid, and this recovery could be had from Suydam, or from the defendant upon showing that the money was received on behalf of the defendant or applied to his use. But that is not the case presented upon this record. The complaint does not purport to demand anything except damages for the breach of an agreement, which damages, for the reasons above stated, cannot be obtained in this action.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 2, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1915.