[Civ. No. 3337.  Second Appellate District, Division One.—October
28, 1920.]

ALPHONSINE MATHERON, Respondent, v. RAMINA
CORPORATION (a Corporation), Appellant.

[1] CONTRACTS—PAYMENT OF PURCHASE PRICE—PART PERFORMANCE.—
Payment of the purchase price of land does not of itself con-
stitute part performance.

[2] ID.—PURCHASE OF LAND — PART PERFORMANCE — STATUTE OF
FRAUDS—EQUITY.—Under section 1741 of the Civil Code, part
performance of a contract for the purchase of land does not
withdraw the transaction from the effect of the statute of frauds,
except for the purposes of relief in equity.

[3] ID.—EXECUTION OF CONTRACT BY CORPORATION—EVIDENCE—FIND-
ING.—In this action to compel the specific performance of an
alleged contract for the purchase of certain land, in which the
trial court entered judgment denying specific performance but
awarded plaintiff damages for nonperformance of the contract,
the evidence was insufficient to sustain a finding of fact to the
effect that the alleged contract of purchase was made by the
defendant corporation or by its agent thereunto authorized in
writing.

[4] ID.—INSUFFICIENCY OF DOCUMENTS TO PROVE WRITTEN CONTRACT
—ORAL EVIDENCE—WRITINGS BY AGENT—WANT OF AUTHORITY.—
Where the documents introduced in evidence in such an action are
insufficient to sustain a finding to the effect that the contract of
purchase was made by the defendant corporation, that defect can-
not be supplied by oral evidence, or by evidence of writings signed

by an agent of such corporation, unless it is first shown that such agent was thereunto authorized in writing signed by such corporation.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Evans, Abbott & Pearce and Arthur J. Abbott for Appellant.

Geo. E. Whitaker for Respondent.

CONREY, P. J.—This is an action wherein the plaintiff seeks to compel specific performance of an alleged contract of date October 10, 1916, for the purchase by the defendant of 298 acres of land in Kern County, and to compel payment of $8,000, the alleged purchase price. Judgment was entered denying specific performance, but at the same time awarding to plaintiff the sum of $3,000, damages for non-performance of the contract. From this judgment the defendant appeals.

Appellant presents this appeal upon several grounds, the first of which alone, if sustained, is sufficient to determine the result of the action. This is that the judgment should be reversed because there is no evidence of any contract or memorandum in writing subscribed by appellant or by its agent thereunto authorized in writing. If there is no such evidence, then there was no contract, and there can be neither breach nor consequent damages. (Civ. Code, sec. 1624, subd. 5.) Respondent contends that the contract is evidenced by a series of writings which, taken together, comply with the requirements of the statute of frauds. It will be necessary to refer briefly to this series of documents.

The first is a memorandum of lease, dated October 1, 1914, between the plaintiff and one J. W. Jennings, which was signed by these persons, and reads as follows:

"Received of J. W. Jennings of Tehachapi, Kern County, California, the sum of two hundred dollars ($200.00) as full payment for the first year's lease on 240 acres of land near Oak Creek, Kern County, California. The said lease is to run two years at two hundred dollars per year payable in

advance and that J. W. Jennings has the option to buy the said land at any time during this lease at a price to be mutually agreed upon, but said price not to exceed eight thousand dollars.''

The second is a document of date September 28, 1916, signed by the plaintiff alone, which reads as follows:

"Bakersfield, Calif.

"Received through James F. Farraher two hundred fifty dollars on account acceptance of option to J. W. Jennings of Tehachapi, Calif., on October 1, 1914, giving right to purchase my land on Oak Creek, Kern Co., Cal., embracing the west half of section 32, township 12 north, range 14 west, S. B. M., and containing 297.89 acres, 50% of the purchase price of $8000.00 less the $250.00 paid this day to be paid on or before 30 days from date. The balance of said purchase price to be due and payable on or before one year from date. Deed of grant therefor to be executed and delivered in escrow to the First National Bank of Bakersfield, Calif. Vendee or successor to have privilege on payment of 50% of said purchase price as stated, of receiving deed upon execution and delivery of mortgage to said vendor covering the 50% of purchase price unpaid and drawing interest at the rate of 6% per annum. Title to be fee simple and free of incumbrances. Abstract of title to be delivered to vendee within ten days from date.

"Dated September 28, 1916.

"ALPHONSINE MATHERON.

"MARION H. DAMON,
            "Witness."

The third is a document dated October 10, 1916, which was deposited with the First National Bank of Bakersfield by James F. Farraher, is signed by the plaintiff alone, and reads as follows:

"First National Bank, Bakersfield, Cal.

"You will please receive as an escrow the within and accompanying deed to Ramina Corporation which bears date October 10, 1916, and purports to grant the west half of sec. 32, township 12 N., range 14 W., S. B. M., in Kern County, Cal., containing 297.89 acres, and hold and deliver the same to J. W. Jennings either upon payment to you for my account and credit of the sum of seven thousand seven hundred and fifty dollars ($7750.00) in cash or upon the

payment of three thousand seven hundred and fifty dollars ($3750.00) in cash for my credit and the delivery to you for me of a promissory note and mortgage on said property for the sum of four thousand dollars ($4000.00), said mortgage to be accompanied by approval in writing of F. E. Borton as to form, provided said sum of seven thousand seven hundred and fifty dollars ($7750.00) or the said sum of three thousand seven hundred and fifty dollars ($3750) and delivery of said note and mortgage are made to you on or before the 1st day of November, 1916, and within banking hours on said date. Otherwise on demand after said 1st day of November, 1916, shall be returned to me. Interest on note at six per cent semi-annually. Note due November 1st, 1917.

"Witness my hand this 10th day of October, 1916.

"ALPHONSINE MATHERON."

The fourth is an undated document signed by the plaintiff alone, which was delivered to the escrow-holder, and reads as follows:

"First National Bank, City.

"Gentlemen: In modification of escrow instructions given you under date of October 10, 1916, I beg to advise you that said instructions are modified so as to permit, and you are hereby authorized to deliver my deed or deeds as individual owner, and my deed as guardian of the estates of my minor children, Henry, Blanche and Emile Matheron, to the Ramina Corporation providing considerations are paid or delivered to you as specified in said former instructions on or before the 23rd day of December, 1916. And you are hereby authorized to forward said deeds to Los Angeles Title Insurance Company, at 624 S. Spring st., Los Angeles, for delivery by them upon payment of said consideration.

"ALPHONSINE MATHERON.

"Witness: LOUIS V. OLCESE."

The fifth is a check, which reads as follows:

"Ramina Corporation.                                 No. 744.

"Santa Monica, Cal., Oct. 20, 1916.

"Pay to the order of

"First National Bank of Bakersfield...........$3750.00
Thirty-seven hundred fifty no/100.............dollars

"RAMINA CORPORATION.

"By ROBERT K. WALTON.

"To the Bank of Santa Monica Commercial Savings, Santa
    Monica, Cal.

"Alphonsine Matheron escrow with Ramina Corporation."

It is in evidence that Robert K. Walton was president of
the defendant corporation; that this check was received by
the First National Bank of Bakersfield and collected by
that bank. The words "Alphonsine Matheron escrow with
Ramina Corporation," at the bottom of the check, were
written in ink. The testimony is silent as to the person by
whom these words were written on the check, but we shall
assume for the purposes of the argument that they were
written by Mr. Walton.

According to the undisputed testimony of the secretary of
defendant, the minutes of the Ramina Corporation show
absolutely nothing relative to this transaction. There is no
evidence that the defendant was ever in possession of the
land, or that anything in the nature of part performance of
the alleged contract has taken place. [1] Payment of the
purchase price does not of itself constitute part perform-
ance. (*Davis* v. *Judson,* 159 Cal. 121, 131, [113 Pac. 147].)
[2] Moreover, part performance does not withdraw a
transaction of this kind from the effect of the statute of
frauds, except for the purposes of relief in equity. (Civ.
Code, sec. 1741.) Since in this action equitable relief was
denied and the only judgment against appellant is a judg-
ment awarding damages for breach of contract, the action,
for the purposes of this appeal, must be treated as an ac-
tion at law.

[3] From the documents hereinabove set forth it ap-
pears that the plaintiff, on September 28, 1916, received the
sum of $250 "on account acceptance" of the option thereto-
fore granted by her to J. W. Jennings. She stipulated that
her deed was to be delivered in escrow to the First National
Bank of Bakersfield. "Vendee or successor" to have the
privilege of receiving deed upon payment of half of the pur-
chase price and upon execution and delivery of mortgage to
the vendor for the remainder of the purchase price. There is
no evidence of any assignment made by the vendee of his rights
under the contract, and it is perfectly clear that the vendee in-
tended in the document was J. W. Jennings. It further ap-
pears that when the deed was placed in escrow it was made
as a deed to Ramina Corporation. The fact that this was

done and that Ramina Corporation deposited the sum of $3,750 with the bank, with the notation on the check as stated, "Alphonsine Matheron escrow with Ramina Corporation," is not of itself sufficient to prove, and in fact does not by itself even tend to prove, any substitution of Ramina Corporation for J. W. Jennings as purchaser under the contract. The money advanced might have been a loan to Jennings, or pursuant to any other agreement between Jennings and Ramina Corporation by which the title was to rest in the name of the corporation instead of the name of Jennings. [4] The documents to which we have referred are insufficient to sustain any finding of fact to the effect that the contract of purchase was made by the defendant. This defect in evidence of a contract in writing signed by the party to be charged cannot be supplied by oral evidence, or by evidence of writings signed by an agent of defendant, unless it is first shown that such agent was thereunto authorized in writing signed by the party to be charged. The plaintiff introduced in evidence a letter of date October 23, 1916, written by Farraher to plaintiff, and another letter dated February 15, 1917, written to the First National Bank of Bakersfield by "Evans, Abbott & Pearce, by Arthur J. Abbott, attorneys for Ramina Corporation." There is no evidence that either Farraher or Jennings or said attorneys for Ramina Corporation ever received any authority in writing from the defendant to make or to ratify any contract of defendant corporation with the plaintiff. The same observation applies to Robert K. Walton. The evidence shows that he was president of the corporation, but that fact, which stands alone, is not sufficient to show that he was authorized to enter into a contract on behalf of the corporation for the purchase of lands. All of these documents were received in evidence over objections constantly made by the defendant.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1920.

All the Justices concurred.