## EDGAR v. REESER.

### No. 313.

Circuit Court of Appeals, Tenth Circuit.

Jan. 2, 1931.

Edmund Lashley, of Tulsa, Okl. (Hal F. Rambo and Russell B. James, both of Tulsa, Okl., on the brief), for appellant.

Thos. J. Casey, of Tulsa, Okl., and Foster V. Phipps, of Muskogee, Okl., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Joe Edgar brought this suit against Edwin I. Reeser for specific performance of an alleged contract.

The bill alleged that on December 8 and 9, 1927, Edgar entered into a contract with Reeser, the latter acting through F. N. Hunt as his agent, whereby Edgar agreed to sell and convey and Reeser agreed to purchase for $19,000 an undivided one-sixteenth interest in the oil, gas and other minerals in and under 3,040 acres of land in Crockett County, Texas; that on March 2, 1928, Edgar tendered performance of such contract to Reeser and demanded that the latter pay $18,990, the balance of the purchase price; and that Reeser refused to accept performance and refused to pay the balance of such purchase price.

The answer denied the agency of Hunt, alleged that Hunt did not have written authority to act as the agent of Reeser and pleaded the statute of frauds of Oklahoma.

The trial court found that Reeser had not by any writing authorized Hunt to act as his agent, concluded it was unnecessary to decide the other issues, and entered a decree for Reeser. Edgar has appealed.

It is admitted by both parties that Hunt had no written authority to act as the agent of Reeser and that the contract provided it should be governed by the laws of Oklahoma.

Section 5034, C. O. S. 1921, in part reads as follows:

"*Statute of Frauds.* The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * *

"Fifth. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Counsel for Edgar contend that the phrase, "the party sought to be charged," means the vendor, that there was a sufficient memorandum signed by the vendor, and that the signature of the vendee or his agent, duly authorized in writing, was not required. On the other hand, counsel for Reeser contend that the phrase, "the party sought to be charged," refers to neither the vendor nor the vendee but to the party against whom the contract is sought to be enforced by a judicial proceeding.

There are no Oklahoma decisions directly in point on the question. However, in the case of Kingfisher M. & E. Co. v. Westbrook, 79 Okl. 188, 192 P. 209, at page 212, in construing the section of the Oklahoma statute of frauds relating to the sale of personal property, the court held that the phrase means "the party against whom the contract is sought to be enforced." The Oklahoma statute was copied from the statute of Dakota Territory.

In McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057, 1059, 66 Am. St. Rep. 723, the court, referring to the statute of frauds of South Dakota, said:

"Section 3617 is substantially a copy of the English statute of frauds known as the statute of Charles II, which has been re-enacted by most of the states of the Union. In speaking of this statute, Mr. Pomeroy, in his work on Contracts (section 75), says: 'From the language of the provision that the agreement or memorandum thereof shall be signed by the party to be charged therewith, the rule is settled in England, and has been generally followed in this country, that, so far as the statute of frauds affects the contract, a signing by both parties is not necessary, but it is sufficient if the agreement or memorandum is signed by the party against whom it is enforced.' "

In the case of Harper v. Goldschmidt, 156 Cal. 245, 104 P. 451, 452, 28 L. R. A. (N. S.) 689, 134 Am. St. Rep. 124, the court, after reviewing a great many English and American authorities, held that "the 'party to be charged' did not mean the vendor, nor yet the vendee, but it meant the person charged in court with the performance of an obligation—the party defendant."

In the case of Matheron v. Ramina Corp., 49 Cal. App. 690, 194 P. 86, it was held that where a purchaser of real estate acts through an agent, the contract to purchase under the statute of frauds is not enforceable against such purchaser, unless the authority of the agent is in writing and signed by such purchaser.

These cases give effect to the evident meaning of the words used and are in accord with the great weight of authority on this subject. Beckwith v. Clark (C. C. A. 8) 188 F. 171, 176; Thorn v. Browne (C. C. A. 8) 257 F. 519, 523; Massie-Wilson Gro. Co. v. Carroll, Brough, Robinson & Humphrey, 105 Okl. 56, 231 P. 1084; 27 C. J. p. 291, § 361; Williston on Contracts, vol. 1, § 586.

We conclude that the phrase means the party against whom the contract is sought to be enforced by a judicial proceeding, and that Edgar is barred from prosecuting this suit by the fifth subdivision of the Oklahoma statute of frauds.

Both Hunt and Reeser testified positively that Hunt was not authorized to enter into such contract in behalf of Reeser. While there were circumstances in the case tending to contradict this evidence, they were not sufficient to overcome the positive testimony of Hunt and Reeser. We find that Edgar failed to establish an oral contract of agency.

It follows that the decree below was right and it is therefore affirmed.