[L. A. No. 16268. In Bank.—September 20, 1937.]

O. S. PAUL, Appellant, v. LAYNE & BOWLER CORPORATION (a Corporation), Respondent.

Earl F. Crandell, C. E. Crowley and Edgar T. Fee for Appellant.

Robert L. Williams and Sarau & Thompson for Respondent.

SHENK, J.—This appeal is from a judgment of nonsuit on the opening statement of the plaintiff's counsel.

The plaintiff filed an action against Layne & Bowler Corporation for damages alleged to have been suffered by reason of the defendant's refusal to perform an alleged oral agreement to execute a lease of certain farming property for a period of three years from the fall of 1933 with an option to renew for an additional period of two years. The complaint contained two causes of action. The plaintiff alleged that he took possession of the property in the spring of 1933, farmed 200 acres thereof and harvested a crop of oats and barley; that he also constructed an irrigation ditch and additional buildings in contemplation of and in the belief that the defendant would execute the lease. It is also alleged that the defendant on August 14, 1933, ordered the plaintiff to vacate the premises. Under the first cause of action the plaintiff sought recovery of damages in the sum of $40,000 representing benefits and profits of which he has been deprived by the refusal of the defendant to execute the lease. By the second cause of action he sought to recover the amounts for which he had become liable on the defendant's account, and alleged to be $8,000.

The defendant's demurrer to the complaint was overruled. The defendant thereupon filed an answer traversing the material allegations of the complaint and pleading the statute of frauds as to both causes of action, relying on section 1624, subdivision 4, of the Civil Code, and section 1971 of the Code of Civil Procedure. It also filed a cross-complaint seeking judgment on the plaintiff's note to it for $50, and for the sum of $470.75 additional advanced to the plaintiff to defray necessary current expenses incurred in growing, maturing and harvesting the 1933 crops. The plaintiff filed an answer to the cross-complaint tendering issues thereon and alleging an accounting of the sums stated to have been advanced by the defendant and of further sums expended or incurred by him, which accounting shows a balance of expenditures or liabilities over receipts of the sum of $125.25. The pleadings of both parties appear to admit that the plaintiff was in possession of the property and farmed and harvested the 1933 crops under a former but abandoned or terminated lease theretofore entered

into by the defendant with one Botsford, by whom the plaintiff had been employed.

At the time the case was called for trial counsel for the plaintiff made an opening statement in which he stressed the fact that the plaintiff did not ask for specific performance, but sought damages for the failure of the defendant to perform the alleged oral agreement to make a lease. On motion of the defendant the court nonsuited the plaintiff as to both causes of action on the opening statement of his counsel and dismissed the defendant's cross-complaint without prejudice.

The plaintiff is not entitled as a matter of right to have the judgment of nonsuit set aside, merely because the same was granted on the opening statement of his counsel. (*Nicholl* v. *Littlefield*, 60 Cal. 238; *Green* v. *Duvergey*, 146 Cal. 379, 388 [80 Pac. 234].) Such judgment will be affirmed if from all the facts alleged in the complaint and stated by counsel and all the favorable inferences to be deduced therefrom, it is plainly apparent that a case cannot be maintained by the plaintiff. (*Emerson* v. *Weeks*, 58 Cal. 382; *Bias* v. *Reed*, 169 Cal. 33, 38 [145 Pac. 516].)

It is necessarily conceded that an oral agreement to make a contract which must be in writing, is itself within the statute of frauds. (Sec. 1624, Civ. Code; sec. 1971, Code Civ. Proc.; *Fuller* v. *Reed*, 38 Cal. 99; *Little* v. *Union Oil Co.*, 73 Cal. App. 612, 621 [238 Pac. 1066].)

Section 1972 of the Code of Civil Procedure provides that the statute shall not be construed to abridge the power of any court to compel the specific performance of an agreement, in case of part performance thereof. The plaintiff, in part, relies upon authorities holding that part performance "takes the contract out of the statute". (*McCarger* v. *Rood*, 47 Cal. 138, 141; *Forrester* v. *Flores*, 64 Cal. 24, 26 [28 Pac. 107].) To entitle the plaintiff to the relief provided for by section 1972, the part performance must relate to the transaction involved, viz., the transfer of the interest in land which is the subject of the agreement. (*McCarger* v. *Rood, supra; Clark* v. *Clark*, 49 Cal. 586; *Davis* v. *Judson*, 159 Cal. 121, 131 [113 Pac. 147].) The plaintiff did not have possession under the lease alleged. It is apparent from the facts disclosed in the pleadings and the statement by counsel, that the performance relied on was not under the contemplated lease which was not to come into being or operation until the fall of 1933. Since

there was no such lease in existence and no part performance of any lease orally agreed, the plaintiff was not entitled to relief under his first cause of action or the statement by his counsel in connection therewith. (*Bartlett* v. *Aitken*, 48 Cal. 405; *Vasik* v. *Speese*, 26 Cal. App. 129 [146 Pac. 61]; *Hurley* v. *Woodsides*, (Ky.) 54 S. W. 8.)

This is not a case of the defendant's preventing the lease from being put into writing and by fraudulent means leading the plaintiff to believe that it was in writing and to act upon such belief to his prejudice. (Sec. 1623, Civ. Code.)

 Nor may the plaintiff place reliance upon the equitable doctrine of estoppel recognized in *Seymour* v. *Oelrichs*, 156 Cal. 782 [106 Pac. 88, 134 Am. St. Rep. 154], and similar cases (see *Long* v. *Long*, 162 Cal. 427 [122 Pac. 1077]; *Little* v. *Union Oil Co.*, 73 Cal. App. 612, 620 [238 Pac. 1066]), to support his contention that he is entitled to damages for the breach of the oral agreement to execute the lease, which, so he claims, was fully performed by him. It is apparently the plaintiff's theory that the performance alleged is the consideration for the promise to make the lease, and that having performed on his part he is entitled to damages for the failure of the defendant to perform. But the passing of the consideration as performance on his part of the oral contract is not alone sufficient to entitle him to any relief for the breach thereof. His remedy is in a cause of action for the return of the benefits received by the defendant. (*Forrester* v. *Flores*, 64 Cal. 24 [38 Pac. 107]; *Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]; *Matheron* v. *Ramina Corp.*, 49 Cal. App. 690, 694 [194 Pac. 86]; *Dondero* v. *Aparicio*, 63 Cal. App. 373 [218 Pac. 608].) The facts alleged and stated show that the plaintiff could not present a case of fraud or unconscionable injury to support an estoppel under any statute or authority relied upon by him.

The intimation in the case of *Martinez* v. *Yancy*, 40 Cal. App. 503 [180 Pac. 945], relied on by the plaintiff, that there may be a remedy by an action for damages for the breach of an oral promise to make a lease for a longer period than one year, is inconsistent with the generally accepted doctrine that no right of action for damages exists for the breach of an invalid or unenforceable contract (*Kiser* v. *Richardson*, 91 Kan. 812 [139 Pac. 373], and cases cited in note, Ann. Cas,

1915D, p. 540 et seq.), even though the plaintiff has partly or wholly performed on his part (*White* v. *McKnight,* 146 S. C. 59 [143 S. E. 552], and cases cited in note, 59 A. L. R. 1305 et seq.), and should be disregarded.

Under any view of the case, the most to which the plaintiff would be entitled is the amount he had expended for the defendant's account for which he has not been reimbursed, and a return of or compensation for the benefits which the defendant has received under the plaintiff's occupancy by which the defendant has become unjustly enriched and for which it is therefore indebted to the plaintiff. (*Fuller* v. *Reed, supra; Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 Pac. 84] ; *Dondero* v. *Aparicio, supra,* 378.) These matters, while not in form based on the common counts, were nevertheless substantially set out in the plaintiff's second cause of action and were traversed with counter charges in the defendant's answer and cross-complaint to an extent sufficient to permit the parties to proceed to trial on those issues. The reporter's transcript discloses all that took place upon the commencement of the trial. From a consideration thereof it may fairly be said that plaintiff's counsel did not purport to set forth all that he expected to prove. Nothing was said as to the evidence to be introduced in support of the allegations of the second cause of action. Under those circumstances it was error to grant the motion as to that cause of action.

The order denying the plaintiff's motion for a new trial is nonappealable. The appeal therefrom is therefore dismissed.

The judgment is affirmed as to the first cause of action, and is reversed as to the second cause of action, neither party to recover costs on appeal.

Curtis, J., Edmonds, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.