Filed 5/31/23  King v. Tarver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| TED ARTHUR KING,<br><br>    Plaintiff, Cross-defendant and<br>    Appellant,<br><br>        v.<br><br>RUSSELL LEE TARVER,<br><br>    Defendant, Cross-complainant and<br>    Respondent. | C096365<br><br>(Super. Ct. No.<br>S-CV-0042357) |

The trial court ordered plaintiff and cross-defendant Ted King, in propria persona, to produce documents and interrogatory responses, but he failed to do so.  When King's case proceeded to a jury trial, the trial court gave him several more opportunities to produce his discovery, but again, he did not.  The trial court accordingly granted defendant and cross-complainant Russell Lee Tarver's motions for evidentiary sanctions, precluding King from presenting witnesses and documents at trial.  It then granted

1

Tarver's motion for nonsuit and dismissed King's complaint.  King appeals, arguing the trial court erred by imposing evidentiary sanctions and granting the motion for nonsuit.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The record in this appeal is sparse.  It includes neither the complaint nor the cross-complaint.  From what we can surmise, the case arises from a dispute between acquaintances over payments related to one or more vehicles, and a leased storage space, which culminated in an incident in which King hit Tarver with his car door.[1]  King filed a complaint against Tarver.  Tarver cross-complained against King, alleging causes of action for breach of contract, negligence, eviction, conversion, assault, and battery.

On November 22, 2019, the trial court issued orders compelling King to serve responses to form interrogatories and to produce documents requested by Tarver no later than December 13, 2019.[2]  King failed to comply.

On March 28, 2022, the parties appeared for a jury trial on the complaint and cross-complaint.  The trial court ordered King to submit an exhibit list, jury instructions, and verdict forms, as he had not yet done so.  The following day, Tarver objected to King's proposed witness list and exhibit list because King still had not produced interrogatory responses or documents as required by the November 22 discovery orders.  King represented that he had, in fact, previously produced the requested discovery but that he did not have the responses or documents with him that day.  The trial court deferred the matter to the following day to allow King time to provide proof of his discovery responses.  It further stated that it would "consider terminating sanctions, including exclusion of documents [and] witnesses if proof is not provided."  Tarver

---

[1]    King is admonished for citing police reports in his statement of the case and statement of facts that are not included in the record.

[2]    The underlying orders are not in the record.

moved to dismiss King's case in the event all of his evidence was excluded, and the court took the matter under submission. The jurors were then impaneled and sworn in. King made his opening statement and conducted a direct examination of his first witness, Tarver.

The court reconvened for trial the next day, March 30. At that time, King indicated that he had jury instructions and verdict forms, which the trial court noted were untimely pursuant to Code of Civil Procedure section 607a.[3] The trial court then revisited Tarver's verbal motions for evidentiary sanctions. King stated that he still did not have the required form interrogatories, nor the documents subject to production. The trial court found that King had failed to comply with the discovery orders and therefore granted Tarver's requests to preclude King's proposed witnesses from testifying and to preclude King from presenting any documents in his case.

In light of the evidentiary sanctions imposed, and also based on King's violation of section 607a, Tarver moved to dismiss the complaint with prejudice. The trial court construed Tarver's request as a motion for judgment of nonsuit and granted the motion, dismissing King's case. Tarver proceeded to trial on the cross-complaint, where the jury found King liable for negligence, assault, and battery, and awarded Tarver $50,000 in damages. King appealed.

DISCUSSION

I

*Notice of Appeal*

We first address the issue of King's notice of appeal. The notice initially stated that he sought to challenge the trial court's May 12, 2022 ruling denying Tarver's motion for attorney fees. However, King's opening brief challenges the trial court's March 30

---

**3**     Undesignated statutory references are to the Code of Civil Procedure.

rulings imposing evidentiary sanctions and granting the motion for nonsuit. In his responsive brief, Tarver argues that the discrepancy, along with other deficiencies in King's brief, are fatal to his appeal, but also substantively addresses King's arguments regarding evidentiary sanctions. King consequently filed a motion to amend his notice of appeal, which we granted, thereby construing the notice to include an appeal "from the order of dismissal entered on March 30, 2022." We accordingly address King's challenge to the dismissal of his action.[4]

## II

### *Evidentiary Sanctions*

King's arguments are difficult to parse. Nonetheless, he appears to challenge the evidentiary sanctions on the ground that they were unjustly severe and untimely. We find no error in the trial court's issuance of sanctions.

Tarver's motions for sanctions, though arguably presented as motions in limine, operated as motions for evidentiary sanctions under section 2023.030, subdivision (c).[5] This statute permits the trial court to prohibit any party engaging in the misuse of the discovery process from introducing designated matters in evidence. (§ 2023.030, subd. (c).) Misuses of the discovery process include failing to respond to authorized discovery and disobeying a court order to produce discovery. (§ 2023.010, subds. (d), (g).) Generally, nonmonetary sanctions may be imposed when a party willfully fails to comply with a court order. (*Lee v. Lee* (2009) 175 Cal.App.4th 1553, 1559.) "A court has broad

---

[4]    In doing so, we consider King's challenge to the trial court's issuance of evidentiary sanctions, which precipitated the dismissal.

[5]    King appears to construe the evidentiary sanctions as terminating sanctions, but this is not accurate. The trial court did not dismiss his action as a discovery sanction under section 2023.030, subdivision (d); rather, it imposed evidentiary sanctions as authorized by subdivision (c), and dismissed the action through separate motion for nonsuit.

discretion in selecting the appropriate penalty, and we must uphold the court's determination absent an abuse of discretion. [Citation.] We defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling. [Citation]." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604.)

Here, King failed to respond to form interrogatories and failed to produce documents as required by court order. The trial court gave King several opportunities at the outset of trial to produce the requisite discovery, yet he did not do so, instead insisting that he had already produced it. However, King was unable to provide any proof of compliance. And, although King continues to claim on appeal that he responded to the discovery requests, he does not cite to anything in the record to support this claim. Thus, the court acted within its broad discretion by finding King willfully failed to comply with discovery orders and issuing evidentiary sanctions as a result.

We further dispose of King's argument that the trial court lacked jurisdiction to issue sanctions because the motions were untimely. King relies on statutes and caselaw regarding the timing for motions to compel, not motions for discovery sanctions. There was nothing prohibiting Tarver from bringing his motions for discovery sanctions at the time of trial. (§ 2023.030 [court may impose sanctions "after notice to any affected party, person, or attorney, and after opportunity for hearing"]; see also *London v. Dri-Honing Corp.* (2004) 117 Cal.App.4th 999, 1007.)

### III

### *Nonsuit*

King next argues that the trial court erred by granting the motion for nonsuit and dismissing his action. First, King asserts that the evidence presented was sufficient to prove his causes of action for wrongful eviction, conversion, and fraud, such that the trial court's dismissal was erroneous. Next, he contends the statute prohibits dismissal where a cross-complaint is pending. Again, we are not persuaded.

5

Section 581c, subdivision (a) provides that after "the plaintiff has completed his or her opening statement, or after the presentation of his or her evidence in a trial by jury, the defendant . . . may move for a judgment of nonsuit."  (§ 581c, subd. (a).)  "A motion for nonsuit is the equivalent of a demurrer to the evidence."  (*American Employer's Ins. Co. v. Smith* (1980) 105 Cal.App.3d 94, 98.)  In that sense it concedes the truth of the facts asserted, if made after an opening statement, or the truth of the facts proven, if made at the conclusion of plaintiff's evidence.  (*Ibid*.; *Carachure v. Scott* (2021) 70 Cal.App.5th 16, 25.)  If examination of those facts shows that plaintiff cannot establish an essential element of his or her cause of action as a matter of law, nonsuit is proper.  (*American Employer's Ins. Co., supra*, at p. 98; *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291.)  We review a judgment of nonsuit de novo, applying the same standards as the trial court.  (*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1060.)

Here, it appears that nonsuit was granted under the second scenario articulated in the statute, i.e., after the presentation of King's evidence.  Specifically, the record shows that King made his opening statement and conducted a direct examination of Tarver.  The following morning, the trial court issued evidentiary sanctions, prohibiting plaintiff from presenting any further evidence, thereby rendering plaintiff's presentation of evidence complete.  However, King has failed to provide a record sufficient to show the grant of nonsuit under these circumstances was in error.

"It is the burden of appellant to provide an accurate record on appeal to demonstrate error.  Failure to do so precludes an adequate review and results in affirmance of the trial court's determination. [Citation.]" (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)  Although he asks this court to find that his complaint has merit, King does not provide a copy of the pleading, nor his opening statement, and the record does not otherwise disclose King's claims as pled.  Thus, we cannot determine whether any of his causes of action could succeed as a matter of law.  (*Paul v. Layne &*

6

*Bowler Corp.* (1937) 9 Cal.2d 561, 564 [review of motion for nonsuit requires review of complaint].)

And even if we did have the operative complaint, King's argument relies on Tarver's testimony from direct examination, which King draws exclusively from his own proposed settled statement. But King's proposed settled statement contains only King's recollection of Tarver's testimony, and was not adopted by the trial court.[6] Moreover, King's brief fails to adequately explain how King's summary of Tarver's testimony, even if accepted, supports his purported causes of action. In fact, the bulk of King's argument seems to address a cause of action for fraud that he indicates was not even pled in his operative complaint. Accordingly, King has failed to show the trial court's grant of nonsuit was in error.

As an alternative argument, King cites to section 581, subdivision (i), which provides that the trial court may not enter dismissal where affirmative relief is sought by a cross-complaint. (§ 581, subd. (i).) However, that statute only prevents dismissal where a plaintiff moves for dismissal before the start of trial. (§ 581, subds. (b)(1), (i).) Here, the trial court granted the nonsuit and dismissed the action following plaintiff's opening argument and presentation of evidence, in accordance with the requirements of section 581c, subdivision (a). Thus, the statute relied upon by King has no relevance here.

Based on the foregoing, we affirm.[7]

---

[6] The modified settled statement ultimately issued by the trial court solely addresses Tarver's motion for attorney fees, which was King's original asserted basis for appeal.

[7] King's remaining arguments, to the extent they are discernible, are unsupported by the law and the record. (*People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [rejecting arguments on appeal as "perfunctorily assert[ed]" and made "without development and, indeed, without a clear indication that they are intended to be discrete contentions"].) Of particular note, King fails to provide any authority for his contention that the trial court

DISPOSITION

The judgment is affirmed. Tarver shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                        _____KRAUSE_____ , J.


We concur:


_____ROBIE_____ , Acting P. J.


_____EARL_____ , J.

---

should have permitted him to plead a cause of action for fraud and submit jury instructions on his claim. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [" 'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary' "].)