Filed 11/20/23  Valdivia v. Rodriguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MARIA I. VALDIVIA, | C096784 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UBC-2019-0012543) |
| v. | |
| EMMA MARIA RODRIGUEZ, | |
| Defendant and Respondent. | |

Maria I. Valdivia (plaintiff) sued her daughter Emma Maria Rodriguez (defendant), alleging breach of an oral contract the two made in connection with the purchase of a home.  In its statement of decision, the trial court ruled the oral contract was not enforceable because it was never put in writing as required by the statute of frauds.  (Civ. Code, § 1624.)  On appeal, plaintiff contends that ruling was erroneous because it overlooked the applicability of the principle that "part performance" of an oral

1

contract by a party may preclude the other party from invoking the statute of frauds as an affirmative defense. Because plaintiff's argument is not persuasive, we affirm.

## BACKGROUND

In 2010, plaintiff and defendant orally agreed that defendant would purchase a house in her name with a down payment of $22,000 provided by plaintiff. They further agreed defendant would have title to the property while plaintiff made the mortgage payments on the purchase loan that defendant obtained, and defendant would transfer title to plaintiff once plaintiff paid off the mortgage loan. The agreement was never reduced to writing.

Plaintiff moved into the house in 2010 and made the mortgage payments, either to defendant or directly to the mortgage company, until August 2019, when defendant served her with a tenancy termination notice. Plaintiff stopped making the payments and filed a lawsuit asserting claims of false promise, breach of contract, and quiet title.

After a bench trial at which multiple witnesses testified, the trial court ruled in a statement of decision that under the statute of frauds the oral agreement between the parties was not enforceable, and the mortgage lender was an indispensable party whose absence from the litigation prohibited the trial court from making a ruling on title to the property. The trial court entered judgment in favor of defendant and plaintiff filed a notice of appeal with this court in August 2022. Plaintiff's opening brief was filed in July 2023, and this case was fully briefed on September 6, 2023.

## DISCUSSION

Plaintiff contends the trial court's ruling was erroneous because it "failed to assert the equitable remedy of specific performance based on part performance." Nothing in the appellate record indicates plaintiff raised this precise argument in the trial court. Plaintiff's counsel did not articulate a "part performance" theory in closing argument, and neither the trial court's oral ruling from the bench nor the statement of decision reflect a ruling on that theory. Plaintiff's counsel did argue "performance," but not "part

2

performance." (Cf. *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 556 [discussing "[t]he principle that *full* performance takes a contract out of the statute of frauds" (italics added)].)

Though plaintiff contends on appeal that the trial court "utterly failed to conduct any analysis on the record as to part performance," there is no indication in the appellate record that plaintiff raised this objection below. (Cf. *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 ["if a party does not bring . . . deficiencies" in the statement of decision to the trial courts attention, "that party waives the right to claim on appeal that the statement was deficient in these regards, and hence the appellate court will imply findings to support the judgment"].) There is thus a good argument that plaintiff's argument is forfeited on appeal. Because defendant does not raise this issue, we can excuse forfeiture (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1709), and since the matter is straightforward, we will address the merits of plaintiff's unpersuasive claim.

*Legal Background*

Contracts for the sale of real property "or of an interest therein" are "invalid, unless they, or some note or memorandum thereof, *are in writing* and subscribed by the party to be charged or by the party's agent." (Civ. Code, § 1624, subd. (a)(3), italics added; see Code Civ. Proc., § 1971 ["No estate or interest in real property. . . can be created . . . otherwise than by operation of law, or a conveyance or other instrument in writing"].) This rule provides an affirmative defense to a breach of contract claim. (*Barroso v. Ocwen Loan Servicing*, LLC (2012) 208 Cal.App.4th 1001, 1015; *Walton v. City of Red Bluff* (1991) 2 Cal.App.4th 117, 131.)

A party may be estopped from asserting this affirmative defense where there has been "part performance" by the other party and it appears that "a sufficient change of position has occurred so that the application of the statutory bar would result in an unjust and unconscionable loss." (*Anderson v. Stansbury* (1952) 38 Cal.2d 707, 715

3

(*Anderson*); see *Secrest v. Security National Mortgage Loan Trust 2002-2, supra*, 167 Cal.App.4th at p. 555 ["In addition to having partially performed, the party seeking to enforce the contract must have changed position in reliance on the oral contract to such an extent that application of the statute of frauds would result in an unjust or unconscionable loss"]; see also Code Civ. Proc., § 1972, subd. (a) [Code Civ. Proc., § 1971 "shall not be construed to abridge the power of any court to compel the specific performance of an agreement, in case of part performance thereof"].) The "change of position was held sufficient to create an estoppel" in *Seymour v. Oelrichs* (1909) 156 Cal. 782, where the plaintiff was orally offered, and accepted, a 10-year contract as overseer for defendant property owners. (*Oren Realty & Development Co. v. Superior Court* (1979) 91 Cal.App.3d 229, 235.) Plaintiff's acceptance of the offer was made with the understanding that the oral contract would be reduced to writing. When the plaintiff went to work and served for a number of years as overseer but was discharged before the expiration of the stated term, the change of position was found to be sufficient for the purposes of estoppel. Further, the payment of money, by itself, is not sufficient to take an oral agreement out of the statute of frauds, because "the party paying money 'under an invalid contract . . . has an adequate remedy at law' " (*Anderson,* at p. 716): "a cause of action for the return of the benefits received by the defendant" (*Paul v. Layne & Bowler Corp.* (1937) 9 Cal.2d 561, 565).

*Analysis*

Plaintiff contends she satisfied the "change of position" requirement by making the $22,000 down payment on the house and almost nine years of mortgage payments towards its purchase. This argument is unpersuasive. Because plaintiff had an adequate remedy at law against defendant for the return of the $22,000 down payment and mortgage payments she made, she may not equitably estop defendant's invocation of the statute of frauds as an affirmative defense. (See *Anderson*, *supra*, 38 Cal.2d at p. 716 [rejecting the notion that "the return of [an] $800 check" was a sufficient "change of

4

position," because "[t]he payment of money is not 'sufficient part performance to take an oral agreement out of the statute of frauds' "].)

Because we affirm the judgment on this ground, we need not address the trial court's other articulated basis for the judgment.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


              /s/
              BOULWARE EURIE, J.


We concur:


   /s/
EARL, P. J.


   /s/
ROBIE, J.